Denio, J.
 

 This is a motion by the appellant for a reargument. The facts in the case and the judgment given at the last September term, are stated in the report in 20 N. Y.,
 
 *575
 
 p. 16. The appellant’s counsel insists that the court fell into an error in fixing the terms upon which a redemption should be allowed. We held that in order to redeem, the appellant, as the representative of the North American Trust and Banking Company, must pay the amount found due the representatives of Joel Dorman; but the defendant maintains that he ought only to be required to pay the amount bid for the premises, and interest. The respondent, though satisfied with the judgment (because the amount to be paid in order to redeem would be more than the value of the land), claims that it was not a case in which a redemption, upon any terms, ought to have been permitted. The judgment of the Supreme Court declared that the plaintiff was entitled to hold the premises discharged of the mortgage to the Trust Company; and the opinion as at first prepared, concluded with a general judgment of affirm anee. But on consultation,' our attention was drawn to the 61st and 62d sections of the statute of uses and trusts; upon consideration of which it was thought that the Trust Company, under its mortgage, stood in the position of a subsequent incumbrancer ; the lien of the administrator of Dorman being regarded in the light of a prior lien. Then, inasmuch as the Trust Company had not been made a party to the suit, under the judgment on which the sale to the plaintiff was made, it followed, if the analogy were pursued, that the company had not been foreclosed. In that view of the case the plaintiff, by his purchase at the sale under the judgment, became entitled, as it was held, as against the Trust Company, to the rights of Dorman’s representative, and was liable to be redeemed from upon payment of the debt, according to the case of
 
 Vroom
 
 v.
 
 Ditmas
 
 (4 Paige, 426). The opinion was changed to accommodate it to that view, and judgment was given accordingly. The circumstance that there were other lands of Cornelius Hasten besides these mortgaged premises, which were embraced in his assignment for the benefit of creditors, and in the reassignment by the trustees, one parcel of which did not certainly appear to be subject to any subsequent lien under Hasten, was overlooked. It is now urged by the counsel for the receiver of the Trust Company,
 
 *576
 
 that this other piece of land should be first subjected to the lien of the representatives of Dorman, and that the terms upon which the redemption was allowed, are inequitable. It is also argued that the plaintiff cannot be considered as clothed with the rights of Dorman’s administrator because he only paid a small part of the amount of the debt, while another purchaser of another parcel of land paid another portion of it, and the bulk of the debt still remains unpaid.
 

 On further reflection, I am of opinion that we proceeded upon a doctrine which is not applicable to the case. The provisions of the Revised Statutes which are supposed to bear upon the question are the following:
 

 “ § 60. Every express trust, valid as such in its creation, except as herein otherwise provided, shall vest the whole estate in the trustees in law and in equity subject only to the execution of the trust. The persons for whose benefit the trust is. created shall take no estate or interest in the lands, but may enforce the performance of the trust in equity.”
 

 “ § 61. The preceding section shall not prevent any person creating a trust, from declaring to whom the lands to which the trust relates shall belong in the event of the failure or termination of the trust;
 
 nor shall it prevent him from granting or devising such lands subject to the execution of the trust.
 
 Every such grantee or devisee shall have a legal estate in the lands as against all persons except the trustees or those lawfully claiming under them.”
 

 “ § 62. Where an express trust is created, every estate and interest not embraced in the trust and not otherwise disposed of, shall remain in, or revert to the person creating the trust, or his heirs, as a legal estate.” (1 R. S., 729.)
 

 The whole estate in these lands was embraced in the trust created by Hasten, so that the 62d section, which provides for cases where a term, or an estate for life is the subject of a trust created by the owner of the fee, has no application. By the 60th section, the trust vested the whole estate in the trustees, both in law and in equity, except so far as it is qualified by the next succeeding section. The effect of that qualification is
 
 *577
 
 that the'grantors of the trust may nevertheless declare to whom the lands shall belong if the trust shall fail, or when it shall expire; and he may grant or devise the lands subject to the 'execution of the trust. Now the trust authorized the sale of these lands for the purpose of paying the debts of Hasten. The rights of the assignor reserved by the 61st section, were subordinate to the estate of the trustees, not only at law but in equity. Though the assignor should convey all his remaining estate and interest to another, immediately after executing the assignment, the grantee would have no estate, legal or equitable, as against the trustees or those holding under them. If this were otherwise, and if the estate of the trustees was regarded as in the nature of a lien, and subsequent conveyances, mortgages or judgments against the assignor, -were considered analogous to conveyances of, or liens upon, an equity of redemption, it would follow that the trustees could not convey an irredeemable title to the lands assigned, until they had foreclosed the rights of the subsequent parties. This is not the effect of a valid trust to sell lands. For the purposes of sale in execution of the trust the grantor of the trust and those holding derivative titles under him are entirely disregarded. Their interests are subject to the execution of the trust; not in the sense that a junior mortgage is subject to the prior one, but absolutely. These parties have no rights, legal or equitable, until the purposes of the trust are satisfied. If, therefore, the trustees in this case had performed their duty by making a private sale or a sale at auction of these premises to the plaintiff, the Trust Company could not have complained that they had not been called into court to redeem or be foreclosed.
 

 But instead of executing the trust, they attempted to subvert it by a reconveyance to Hasten. This we have held to be void, as an act in contravention of the trust. The statute provides that the parties for whose benefit a trust is created may enforce its performance in equity. (§ 60.) The administrators of Dorman did this, by the suit commenced in the Court of Chancery and which was finally determined in the Supreme Court; and the sale and conveyance made pursuant to the
 
 *578
 
 judgment in that suit was a substitute for, and precisely equiva* lent to, a sale and conveyance by the trustees in the execution of the trust.
 

 It follows, from these views, that the right to redeem ex- • tended to the receiver, was an advantage which he had no right to claim. The motion for a reargument made on his behalf must therefore be denied. The respondent, should he claim it, will be entitled to a reargument for the purpose of having the judgment changed to a simple affirmance of the judgment of the Supreme Court.
 

 All the .judges concurring,
 

 Motion denied.