EUROTAS MARVIN and FRANCIS J. CLARK, Appellants, *v.* LOUISA C. SMITH et al., Respondents.

E. W. S. being seized of certain premises, conveyed them to B., in trust, to receive the rents, issues and profits for the use and benefit of L. C. S., wife of the grantor, the same to be appropriated according to her directions, and upon her death, in case the husband survived, the same to be conveyed to her children or descendants, if any survive her, if none, then to him, and in further trust to sell or mortgage the premises conveyed, or any part thereof, whenever desired by the wife, " separate and apart from her husband," and pay over the proceeds to her or reinvest the same according to her directions. B. joined in the deed and accepted the trusts; the wife did not join. Subsequently husband and wife joined in a mortgage of the premises in the ordinary form to plaintiff, to secure a precedent debt of the husband. L. C. S. survived her husband. In an action brought to foreclose the mortgage,—*Held*, 1st. That the trust was valid and the deed vested the whole estate in the trustee, subject to the execution of the trust and to the wife's contingent right of dower, that the power of sale was irrevocable by the grantor, who had, at the time of the execution of the mortgage, no estate, legal or equitable, in the premises capable of being transferred. 2d. That the wife's inchoate right of dower, was incapable of being transferred or released by her during coverture, except to one who already had or who by the same instrument received an independent interest in the estate, nor could she bind herself personally by a covenant or contract affecting her dower right. She was not estopped, therefore, by any such covenant from setting up a subsequently acquired title, and the plaintiff took no interest under his mortgage.

(Submitted November 23d, 1871; decided December 5th, 1871.)

APPEAL from a judgment of the General Term of the Supreme Court of the fourth judicial department, affirming a judgment entered upon a decision of the court at Special Term, dismissing plaintiff's complaint.

This action is brought to foreclose a mortgage executed by

the defendants, Louisa C. Smith and Emory W. Smith, her husband, to the plaintiffs, and bearing date the 16th day of February, 1857. The mortgage was given to secure an indebtedness from said Emory W. Smith to the plaintiffs.

On the 10th day of January, 1851, the said Emory W. Smith, being the owner of the lands described in the mortgage, executed a trust deed of the same to one Philander Bennett, which deed contained the following trusts:

" In special trust and confidence, nevertheless, that the said party of the second part shall hold the above bargained premises, and every part and parcel thereof, as a trust estate, for the purposes following, to wit: That, during the life of Louisa C. Smith, wife of the said party of the first part, the rents, issues and profits of the said premises and lands hereby granted shall be, by said the party of the second part, received and appropriated for the sole use and benefit of the said Louisa C. Smith, according to such directions as she may give said party of the second part, separate and apart from her said husband; and that, after her death, in case the said party of the first part shall survive his said wife, said Louisa C. Smith, the remainder of the said estate hereby granted shall be conveyed by the heirs of the said Louisa C. Smith, on her begotten, absolutely to share and share alike; but in case no children or descendants of the said Louisa C. Smith shall survive her, that then the remainder of the estate hereby granted, after her death, shall be conveyed to the said party of the first part, if living.

" And in further trust, that, whenever the said Louisa C. Smith, separate and apart from her said husband, shall desire a sale or mortgage of the lands and premises hereby granted, or of any part or portion thereof, then the said party hereto of the second part shall sell or mortgage the same, or such part or portion thereof, according to such directions, and pay over to the said Louisa C. Smith, or reinvest the proceeds of such sale or mortgage, according to the direction given by the said Louisa C. Smith to the said party of the second part, separate and apart from her said husband."

Since the making of said deed and mortgage, the said Emory W. Smith and Philander Bennett have both died, and the defendant, Reuben C. Sage, has, by an order of the Supreme Court, been appointed trustee of the trusts 'mentioned in said deed, in place of said Bennett. The said Emory W. Smith left him surviving his wife, the defendant, Louisa C. Smith, and three sons, the defendants, Sylvester T. Smith, Albert G. Smith, and Charles Smith, children of Louisa C. The evidence tended to show, that the consideration of the conveyance to Bennett was realized by Emory W. Smith out of the separate property of his wife sold and conveyed about the same time. The court held that plaintiff was not entitled to maintain his action, and ordered judgment that complaint be dismissed, with costs.

*B. H. Williams*, for appellants. Any real estate not conveyed by E. W. Smith to Bennett was susceptible of being mortgaged. (*Stenecker* v. *Dickinson*, 9 Barb., 521; 2 Hand, 66; *Moore* v. *Little*, 17 N. Y., 210; *Mead* v. *Mitchell*.)

*O. O. Cottle*, for respondents. The deed created an express trust, and during its continuance vested the whole title in the trustee. (2 R. S., chap. 1, title 2, art. 12, §§ 55, 60.) The beneficiary could not assign or dispose of her interest. (2 R. S., chap. 1, title 2, art. 2, § 66.) Unless conditions were fulfilled, an attempted execution of the power was unauthorized. (1 R. S., 736, § 121; *Allen* v. *Dewitt*, 3 Com., 274; *Bloomer* v. *Waldron*, 3 Hill, 361, 371; Chance on Powers, 172, § 454; *Waldron* v. *McComb*, 1 Hill, 111; 36 N. Y., 581; *Hopkins* v. *Myall*, 2 R. & M., 84; 2 Sugden on Powers, chap. 10, § 1, part 13, p. 94.) A court of equity will not aid defective execution of power in favor of a volunteer. (1 Story Eq., § 126; 2 Sugden on Powers, chap. 10, § 1, part 4, p. 17; 4 Johns. Chan., 500.) Plaintiff not entitled to equitable relief as Mrs. Smith stands in relation of surety. (8 Paige, 323; 5 Hill, 160; 1 Story Eq., § 176; *Fielden* v. *Gahens*, 6 Blatch., 524; *U. S.* v. *Price*, 9 How. U. S., 83, 90, 92; 3 Wilson, 530; *Simpson* v. *Field*, 2 Ch. Cases, 22;

*Waters* v. *Riley*, 2 H. & G., 310; 2 Sugden on Powers, chap. 10, § 1, part 32; *Vale* v. *Dederer*, 18 N. Y., 276; *Kelso* v. *Taber*, 52 Barb., 125, 131.) Mrs. Smith's contingent right of dower did not pass by the mortgage. (4 Seld., 110, 113.) After execution of deed there was no reversionary interest in grantor. (1 Johns. C., 399; 3 Johns., 388; *Holmes* v. *Carley*, 31 N. Y., 289; Sugden on Powers, 153.) The clauses of deed operated as a grant by implication of the remainder after death of Mrs. Smith to the children. (Sugden on Powers, chap. 10, p. 167; *Witts* v. *Boddington*, 3 Bro. C. C., 95; 5 Ves. Jr., 503; *Cosserton* v. *Sutherland*, 9 Ves. Jr., 445.

ALLEN, J. It is claimed in the complaint that the dower interest of Mrs. Smith was affected by the mortgage. It could not be except as an incident to an estate or interest of the husband which was the subject of the mortgage.

The right of dower being at the time of the delivery of the mortgage inchoate, could not be conveyed or assigned either absolutely or by way of mortgage. An inchoate right of dower may be released to the grantee of the husband, by a proper conveyance executed and acknowledged in the form prescribed by statute, but the right cannot be transferred to a stranger, or to one to whom the wife does not stand in privity. (*Robinson* v. *Bates*, 3 Met., 40; *Tompkins* v. *Fonda*, 4 Paige, 448; *Jackson* v. *Vanderheyden*, 17 J. R., 167; 1 Washburn on Real Property, 252.)

The right of a widow to have dower assigned to her, is not such an estate as can be leased or mortgaged, and an instrument purporting to be a lease, when it appears on its face that the subject of it is only a right to have dower assigned, does not estop the lessee from denying the title of the lessor. (*Croade* v. *Ingraham*, 13 Pick., 33.) Neither can a feme covert bind herself personally by a covenant or contract affecting her right of dower during the coverture. Hence a deed executed by husband and wife with covenant of warranty, does not estop the wife in an action of eject-

ment against her after the death of her husband, from setting up a subsequently acquired title to the same lands. The general rule that a vendor of real estate in fee with covenants of warranty cannot acquire an outstanding title, and set it up adversely to his conveyance, is not applicable to the deed of a feme covert, who unites with her husband in a conveyance with warranty. (*Jackson* v. *Vanderheyden*, 17 J. R., 167.) The inchoate right of dower not being the subject of a conveyance in any of the usual forms by which real property is transferred, and the doctrine of estoppel by which subsequently acquired titles, are made to inure to the benefit of former grantees of lands with covenants of warranty being inapplicable, it follows that the grantee or mortgagee claiming under an instrument executed by a married woman during coverture, acquires no title to or interest in the dower of the grantor or mortgagor when the estate becomes absolute, whether dower has been assigned or not. The law will not effect indirectly, or by way of estoppel, that which cannot be accomplished by contract, and the ordinary forms of conveyance. If, therefore, the husband had no interest which was subject to the mortgage, and passed by means of it, the mortgagee took no title to the dower right. That could only be released by a deed of her husband, conveying the estate to which it was incident, in which she should unite. (*Carson* v. *Murray*, 3 Paige, 483–503; *Jackson* v. *Vanderheyden, supra ; Page* v. *Page*, 6 Cush., 196.)

The husband had no estate or interest remaining in the mortgaged premises at the time of the delivery of the mortgage, which could be affected by that instrument, or to which the dower right of the wife was incident. He had by a deed of conveyance, delivered and on record several years before the execution of the mortgage, conveyed the lands in fee to one Philander Bennett, in trust, for the purposes named in the deed; and as Mrs. Smith did not join in that conveyance, the grantee took title subject to her contingent right of dower. There was a possibility of a future estate, but that possibility became extinct by his death before the happening

of the events upon which, in any contingency, he could become entitled to a reconveyance of or any beneficial interest in the lands. The trusts of the conveyance were, that during the life of Mrs. Smith, the wife, the rents, issues and profits were to be appropriated by the trustee for her sole benefit and use, according to her directions, separate and apart from her husband; and, after her death, in case the grantor should survive his wife, that the lands should be conveyed to the grantor.

Power was given to the wife, separate and apart from her husband, to direct a sale or mortgage of the premises by the trustee, and to receive the proceeds or direct a reinvestment thereof. It was only upon the contingency of the death of the wife, leaving no children her surviving, and without having exercised the power of sale conferred, that any estate could have reverted to the grantor. The husband and grantor died in the lifetime of the wife, and of several children, the fruit of the marriage, and the estate, or right to a reconveyance, never vested, and has now become impossible. The trust to receive and appropriate the rents and profits to the use of Mrs. Smith during her life is a valid trust. It is among the express trusts permitted by statute. (1 R. S., 728, § 55.) The trust being valid, the statute vests the whole estate in the trustee, in law and equity, subject only to the execution of the trust, except as otherwise provided. (Id., 729, § 60.) There is no part of the estate not embraced in the trust, or otherwise disposed of, so as to bring it within the provisions of the sixty-second section, which declares that every estate and interest not embraced in the trust, and not otherwise disposed of, shall remain in or revert to the person creating the trust. The same statute (§ 61) gives to the person creating a trust, the right to declare to whom the lands to which the trust relates shall belong, on the event of the failure or termination of the trust, and permits a grant or devise of the lands subject to the trust. By the deed creating the trust and conveying the lands, the grantee has created a valid power, in trust, to sell or mortgage the lands, and has placed the disposal of the proceeds with the principal beneficiary

under the deed. But for this power of sale, it need not be denied, that the creator of the trust could have granted or devised the lands subject only to the execution of the trust.

The trust still continues and the power of sale is valid, and may be executed at any time upon the request of Mrs. Smith; and when executed, the purchaser from the trustee will acquire a perfect title. (*Belmont* v. *O'Brien*, 2 Kern., 394.)

The power was irrevocable by the grantor. No power of revocation is reserved in the deed. (1 R. S., 735, § 108.)

So long as this power of sale is in force, and the grantor cannot revoke it, and by his death the possibility of a revocation is gone, the trustee alone can grant or convey the premises. The grantor of the power has no estate, legal or equitable, which is capable of being transferred. If the wife shall die without having carried into effect the power of sale, a question may arise as to who will be entitled to the estate. But it would seem it would go, in the first instance, to the children of the marriage, as within the objects of the deed. But without considering this question it is sufficient, that at the time of the mortgage there was no interest or estate in the husband, which could be conveyed or transferred by him or by his act. There was no estate or interest, which would have been the subject of a lien under a judgment, or which could have been sold on execution against him. (*Briggs* v. *Davis*, 21 N. Y., 574.) There was clearly no attempt by Mrs. Smith, or intent to execute the power of sale or mortgage vested in her; and there is no defect, therefore, in the execution of the power which, in any case, a court of equity could remedy.

The opinion of Judge Talcott at Special Term is well reasoned, and conclusive upon every point made in behalf of the appellant. The judgment should be affirmed.

All concur.

Judgment affirmed.