DANIEL S. DUVALL, Executor, etc., Appellant, *v.* THE ENGLISH EVANGELICAL LUTHERAN CHURCH OF ST. JAMES, in the city of New York, Respondent.

O. devised certain lands to plaintiff in trust; to take possession, manage and pay taxes, etc., from the rents until sold; to sell as soon as convenient; and, after deducting expenses and paying certain legacies, to pay the residue of the proceeds to the treasurer of defendant. Defendant executed a quitclaim deed of the lands to the heirs of the testator. Plaintiff sold the lands, as directed. In an action brought to recover of defendant the succession tax paid by plaintiff on the devise, as required by section 188 of the act of congress of 1864 (13 U. S. Stat. at Large, p. 289), *held*, that the devise gave to plaintiff the legal estate in the lands, subject to the right of defendant to enforce performance of the trust; that the duty of plaintiff was to sell the lands and to pay to defendant the residue, after deducting therefrom the succession tax; that the quitclaim deed transferred no title, but simply the equitable right of defendant to enforce performance of the trust, and to receive such proceeds as it was entitled to; and that plaintiff had no cause of action against defendant, even if he had paid to the grantees the proceeds, without deducting the tax.

(Argued October 1, 1873; decided October 7, 1873.)

APPEAL from order of the General Term of the Superior Court of the city of New York, setting aside a verdict in favor of plaintiff and granting a new trial.

This action was brought to recover the amount of the United States succession tax paid by plaintiff, as executor and trustee under the will of Benjamin Ogden, deceased, upon a devise therein to defendant.

Benjamin Ogden died June 17, 1867, leaving a last will and testament, by which plaintiff was appointed executor and trustee. Said will contained the following clauses:

"Sixth. I do give and devise unto my said trustee, the said Daniel S. Duvall, in trust, all the real estate that I may die seized of and entitled unto, situate in the city of New York; to have and to hold the same unto him, my said trustee and his successor, to, for and upon the following uses, trusts and purposes, and to and for no other use, trust, intent or purpose whatever; that is to say, that my said trustee take the possession and management of the same; that out of the rents arising therefrom he pay the taxes, insurance and necessary repairs thereon until the same is sold; that as soon as the same can conveniently be done after my decease, that he sell said real estate in the city of New York, either at private or public sale, and execute unto the purchaser or purchasers thereof a good and sufficient conveyance and conveyances therefor."

Out of the proceeds said trustee was directed to pay various legacies. The next clause was as follows:

"Seventh. All the residue and remainder of the net proceeds of the said real estate in the city of New York, and directed to be sold as above mentioned, I do give and bequeath unto St. James' Evangelical Lutheran Church, situate in the city of New York, for the use and benefit of said church; and I do hereby order and direct that it be paid to the treasurer for the time being of said church."

On the 13th day of March, 1869, the defendant released and quitclaimed to the heirs-at-law of the testator all its interest in the said real estate for the sum of $25,000, and took a mortgage on the estate itself from said heirs for the sum of $26,357.04. Prior to the 8th of March, 1870, the trustee sold the estate so devised to him for the sum of $123,550. The purchaser reserved a sufficient sum to pay the succession tax, which was subsequently, on the 31st of March, 1870, assessed against this estate, and was paid by the plaintiff.

The court directed a verdict for plaintiff, which was rendered accordingly. Exceptions were ordered to be heard at first instance at General Term.

*G. H. Forster* for the appellant. Plaintiff was entitled to proceed directly against the person ultimately liable for the tax. (3 Bl. Comm., 163; Chitty on Con., ed. 1839, 467–470; *Hales* v. *Freeman*, 1 B. & B., 391; S. C., 4 Moore, 21; *Wright* v. *Butler*, 6 Wend., 284, 289; *Norton* v. *Coons*, 3 Den., 130, 134, and cases cited; *St. Nicholas Ins. Co.* v. *Howe*, 7 Bosw., 450, 460; *Blunt* v. *Mott*, 10 Abb. Pr., 222; *Duffy* v. *Duncan*, 32 Barb., 587, 600; *Curtis* v. *Fiedler*, 2 Black. [U. S.], 461, 478; *The Collector* v. *Hubbard*, 12 Wall., 11, 12; *U. S.* v. *Russell*, 13 id., 623, 630.) Defendant was ultimately liable for the tax. (13 U. S. Stat., 289, 291; 14 id., 140, 141; 13 id., 225–232; *Rundall* v. *Lekey*, 40 N. Y., 513.) Defendant accepted the devise and thereby became bound for the tax. (2 Story's Eq., 111, 112, § 793; 1 Roper on Leg., 372; *Rashleigh* v. *Master*, 1 Ves., 20, note *a*; *Wheldal* v. *Partridge*, 8 id., 226; *Kirkman* v. *Miles*, 13 id., 338; *Reed* v. *Underhill*, 12 Barb., 113.) By the deed defendant's grantees took the property by implication divested of the lien. (*Rogers* v. *Kneeland*, 10 Wend., 252; *In re Washburn*, 4 J. Ch., 106, 114; *Morey* v. *F., L. and T. Co.*, 14 N. Y., 302, 306; *Sill* v. *Village of Corning*, 15 id., 297, 305, 306.)

*J. S. Woodward* for the respondent. Defendant is not liable to repay plaintiff the succession tax. (Act of July 30, 1864, chap. 173, 38th congress, §§ 125, 138; act of July 13, 1866, chap. 184, 39th congress, §§ 9, 124, 125; 1 R. S., 729, § 60; *Briggs* v. *Davis*, 21 N. Y., 576.)

GROVER, J. Section 138, chapter 173, United States Laws, 1864, made it the duty of the plaintiff to pay the succession tax to the government out of the proceeds of the sale of the land sold by him as trustee under the will of the testator. It follows that if the defendant was chargeable with the payment, in exoneration of the fund in the hands of the plaintiff, he can recover the amount so paid to its use. The inquiry, therefore, is whether the defendant was so liable.

Benjamin Ogden, by his will, devised the lands in question

to the plaintiff in trust, to take possession of and manage the same, pay taxes, etc., from the rents until sold, and, as soon as the same could be conveniently done, to sell the same in the city of New York either at public or private sale, and execute conveyances therefor, and, after deducting expenses, directed him to apply a certain amount of the proceeds in the manner therein specified, and to pay the residue thereof to the treasurer of the defendant for its use.   This gave to the plaintiff the entire legal estate in the land, subject to the right of the defendant to enforce performance of the trust in equity.   (1 R. S., 726, § 60 ; *Briggs* v. *Davis*, 21 N. Y., 574.)   The defendant having no title to the land, none passed by its quitclaim deed to the heirs of the testator.   All that the latter acquired thereby was the equitable right of the defendant to enforce the performance of the trust by the plaintiff, and to receive from him such proceeds of the sale as the defendant was entitled to demand and receive from him pursuant to the trust created by the will.   But such part of such proceeds as the plaintiff was required by law to pay in discharge of the tax, the defendant had no right to demand and receive from him.   Had there been no transfer by the defendant, the plaintiff would have fully satisfied its claim under the trust by paying to it the balance of the proceeds, after deducting the succession tax paid by him.   The defendant had no right to the latter, and consequently transferred none to the grantees in the deed.   The duty of the plaintiff still was to proceed and sell the lands, and from the proceeds pay the tax to the government, and pay the balance to the defendant, or—the transfer having been made—to its grantees.   This balance was all that he was required to pay to them.   It was all they acquired any right to by the deed of the defendant; and if the plaintiff paid to them the proceeds without deducting the tax, he thereby acquired no right of action, for the amount paid for the tax, against the defendant.   Whether the tax would have been a lien upon the land, had the plaintiff failed to perform the duty imposed upon him by law of paying it out of the proceeds of the sale, is wholly immaterial.   These

proceeds, received by the plaintiff, largely exceeded the amount of the tax paid, and were the primary fund for the payment. They were in the hands of the plaintiff, and the tax was or should have been paid therefrom. If it was not so paid it was not the fault of the defendant but that of the plaintiff. The verdict for the plaintiff was subject to the opinion of the court upon a case. There was no conflicting evidence given or exceptions taken upon the trial, and the court should, instead of ordering a new trial, have given judgment for the defendant. But the plaintiff having appealed from the order, and given the requisite stipulation, the same result will be attained by affirming the order and giving final judgment for the defendant upon the stipulation.

All concur.

Order affirmed and judgment accordingly.