## COLIE v. JAMISON.

*Title — when assignment in bankruptcy does not divest of — Deed — construction of reservation in.*

By a provision in a deed the grantors were entitled to the use of a private way so long as they "shall continue to own" certain real estate adjoining it. *Held*, that proceedings in bankruptcy against the grantors and an assignment therein, no actual disposition having been made of the property, did not terminate their ownership of the real estate within the meaning of the provision.

APPEAL by plaintiff from a judgment dismissing the complaint in an action tried by the court without a jury.

The action was brought by Samuel D. Colie against James Jamison, to recover damages for trespass in tearing down a fence erected by plaintiff, and to enjoin further trespass of the same kind. In 1867, defendant and one Gallagher, who owned certain lands in the city of Buffalo, conveyed to plaintiff a portion of the same. In the deed of conveyance they reserved the right to the use of a certain alley which was within the limits of the lands conveyed, as long as the grantors should "continue to own" the lands not conveyed, which adjoined those conveyed. Subsequently the defendant and Gallagher were, upon their own petition, adjudicated bankrupts, an assignee in bankruptcy was appointed, and they assigned to him all their property. The plaintiff then, claiming that defendant and

Colie v. Jamison.

Gallagher having parted with their interest in the premises, the right under the provision to the use of the alley had. ceased, built a fence across the same. This fence defendant tore down, as he did two others afterward erected. To restrain such acts and obtain damages for the tearing down of the three fences this action was brought. After the commencement of the action, the bankruptcy proceedings having been arranged, the assignee reconveyed the premises in question to defendant and Gallagher.

*Wadsworth & White,* for appellant.

*John B. Greene,* for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. The plaintiff asks a decree to forfeit a valuable right of the defendant on sheer technical grounds. It will be vain for him to expect that a court of equity can forget its maxims and traditions and be astute in searching for a way to afford him relief. He is entitled to prevail only on establishing his claim *strictissimi juris.*

The question is, whether the proceeding in bankruptcy terminated the defendant's ownership of the lot adjoining the alley, and we are of opinion that it did not. The view of the subject taken by the learned judge at special term in substance accords with our own. The proceeding in the bankrupt court having been duly discontinued before any actual disposition was made of the defendant's property, that court has no further jurisdiction of the matter, and the rights of the parties must be determined by our own laws.

No doubt the title to all the property of the defendant, including his right in the alley, vested in the assignee in bankruptcy by virtue of the bankrupt act, and if this fact destroyed the defendant's easement for a moment it is gone forever. We think it did not have that effect. The transfer to the assignee was merely nominal and official. He took no beneficial interest whatever. The title was vested in him as an officer of the court, for the mere purpose of administration under the order and direction of the court. The transaction amounted to nothing more than a trust, the particular objects of the trust being limited and defined by the

provisions of the bankrupt act, and the general purpose being to convert the defendant's property into money, and with the proceeds to pay his debts. The assignee in bankruptcy was only a nominal trustee, and was, in fact, an agent appointed by law to accomplish that purpose. In such a case a resulting trust arises by implication of law in favor of the bankrupt, which affects all the property undisposed of in the due execution of the trust, and, as to all such property, the actual ownership in equity remains in the bankrupt. Adams' Eq. 31. It is expressly provided by statute that when a trust is created which vests the whole estate in law and in equity in the trustee, such fact shall not prevent the person creating the trust from granting or devising the trust estate subject to the execution of the trust, and that every such grantee or devisee shall have a legal estate in the lands as against all persons, except the trustees and those lawfully claiming under them. 1 R. S. 729, §§ 60, 61. Before our statute of trusts, a *cestui que trust* might assign or devise his equitable estate (Lew. on Trusts, chap. 23), and the receipt of rents and profits was regarded equivalent to legal seizin thereof. Id. While under our statute a *cestui que trust* has no estate, legal or equitable, in the lands, but only a right to enforce the trust in equity, yet this principle applies only to those persons for whose benefit the trust was created. The, powers of disposition given by sections 60 and 61 to the creator of the trust are marked indicia of ownership. *Briggs* v. *Davis*, 21 N. Y. 574. We think also that the defendant ought to be deemed the creator of the trust in this case within the meaning of section 61, for it resulted solely from his petition in bankruptcy. It is also provided by statute that, when the purposes for which an express trust shall have been created shall have ceased, the estate of the trustee shall cease also. 1 R. S. 730, § 67. No re-conveyance is necessary, but upon the cessation of the trust the donor goes or remains in as of his former estate. Keeping these principles in view, and looking back at the history of the defendant's proceeding in bankruptcy, the trust resembles an incumbrance upon rather than an estate in the land.

It appears that the defendant continued in possession of the trust-property during the pendency of the proceeding in bankruptcy. We are of opinion that, according to a just and reasonable interpretation of the deed containing the reservation of the alley, the defendant continued to own his lot adjoining the same in the

sense in which that term was used in the deed, notwithstanding the proceedings in bankruptcy. This conclusion being decisive of the case, we need not consider the other questions.

The judgment should be affirmed, with costs.*

*Judgment affirmed.*

---

* The following opinion was delivered at special term:

LAMONT, J. The justice of the peace could not try, and nothing appears to show he attempted to try the question of defendant's right of way in the alley. Counsel having treated this point as unworthy of argument, it calls for no further remark.

By way of equitable defense the answer alleges a mistake in the deed and asks to have it reformed. Gallagher was one of the grantors in the deed and is not a party to the action. I understand the rule to be that an equitable defense of this sort cannot avail unless such parties are in court that the deed may be rectified by a judgment which shall bind all persons in interest, leaving no part of the controversy to be renewed by a further suit in behalf of interested parties not affected by the prior decision. That was the precise point held in *Hicks* v. *Sheppard*, 4 Lans. 335.

There is a class of cases where the warrantor of a party being notified of the claim made and being offered the control of the action, is bound by the judgment although not a party to the record but a privy to a party, and in such case the objection that the warrantor is not made a party will not prevail; but this is upon the ground that the notice and the offer of the management of the suit bind him equally as if he had been a formal party. *Andrews* v. *Gillespie*, 47 N. Y. 487. So may a sheriff's deed be reformed and a mistake therein corrected, if all the parties in interest are before the court. The sheriff has not an interest in such question. He warrants nothing by an official sale of lands, and the bidder purchases at his own risk. *Bartlett* v. *Judd*, 21 N. Y. 200. The fact of a mistake cannot be set up and prevail as a defense unless the parties are such that the reformation of the instrument as affirmative relief may be decreed in the same action. This rule was expressed with precision at the close of the opinion of the court in *Hicks* v. *Sheppard*, *supra*, by TALCOTT, J., as follows: "The defendant, to obtain relief, must, by action or otherwise, cause the proper parties to be brought before the court so that a judgment may be rendered binding all the parties in interest, and adjudging all their equitable rights."

There is no way by notice or otherwise to bind Gallagher, one of the grantors in the deed, by any judgment in the present action which shall attempt to reform it, and therefore I reject all the evidence, pro and con, taken on the trial touching the alleged mistake in the language of the deed.

The next question is whether Jamison, the defendant, and Gallagher, the grantors in the deed to the plaintiff, have lost the right to use the alley. The plaintiff's action is wholly founded on the theory that such right of way was terminated by the bankruptcy proceedings in case of each of said grantors and the assignment therein executed to the assignee. The deed grants the fee of the alley to the plaintiff, and then by a clause in the nature of a reservation a right to use the alley is secured to the grantors so long as they shall continue to own the remainder of said lot number five. If the grantors have ceased to own the remainder of the lot, their right of way is gone; if they have continued to own it, their right of way in the alley continues. A man may own property by a legal or equitable right and title. He may hold a naked legal title without beneficial ownership, and he may have the beneficial ownership without the bare legal right. A trustee for others is not the owner in equity nor beneficially. The beneficiaries or *cestuis que trust* who can compel a naked trustee to give them the entire benefit of property by judicial proceedings, are the real and substantial owners of such property. An assignee in bankruptcy has no beneficial interest in the property he holds in that character. He holds it all in trust for others for the purpose of executing a power of sale so that the purchaser from him shall acquire a valid title, the proceeds in case of sale being held by him for the same trusts as the property itself before the sale. That trust is for the creditors to an amount sufficient

to satisfy the debt and as to the balance in trust for the supposed bankrupt. What the said debts may be and what the surplus may be can appear only by the result of the bankruptcy proceedings. The assignee is the mere hand of the court; he may be removed by the court at any time and another or others substituted in his stead. It is the convenience or conduct for selling and transferring the title to the property, and has none of the essential qualities of ownership which is a holding for the holder's benefit. Any surplus in case of sale by the assignee belongs to the petitioner in voluntary bankruptcy by such a right and title that he can compel the assignee by the action of the court to deliver over and account to him for the whole surplus. The petitioner in such case has a beneficial interest in the property before the sale to the same extent as his interest in the surplus after a sale. Debts being out of the way, the petitioner continues to own the whole property, although it may rest in the hand of the court.

In *Bullymore* v. *Cooper*, 46 N.Y. 248, FOLGER, J., delivering the opinion of the court, says, "that the petitioner, even if an assignment has been made, still had a contingent interest in the property assigned, and had the right to reclaim from the assignee any surplus remaining after payment of debts and expenses. For although there is no express provision to that effect in the bankrupt act, yet, by the force of general principles, the assignee would hold any remaining surplus as a trustee for the bankrupt and can be compelled to account." The court thought the property of the bankrupt in the assignee's hands and before sale was such bankrupt's estate, so that he was bound to set it out in a "just and true account of all his estate, real and personal, in law and equity " (2 R. S. 32, § 4), on his application under our insolvent laws to be discharged from imprisonment."

The grantors in the deed to the plaintiff did not cease to be owners of any estate or interest in the remainder of lot five by the assignment to the assignee, and the quantum of their estate or interest was contingent only in the sense that it could be determined or ascertained only by the result of the bankruptcy proceedings. The debts being out of the way, such estate and interest was the whole property not appropriated to pay such debts ; all that was not applied to pay debts belonged to the bankrupts; their interest was capable of being reduced to certainty by the event of the proceedings in bankruptcy, and at all times continued to be such and so much as it should eventually turn out to be. As no part of this real estate was ever sold by the assignee or disposed of by order of the court of bankruptcy, and the proceedings were dismissed by the court, which ordered each petitioner to be restored to his property, "to all the rights of property which he had on the assignee, taking charge of the real and personal estate of said bankrupt, and which still remains undisposed of," the result shows that Jamison and Gallagher lost no beneficial interest which they ever had in the remainder of lot five; that their debts were either paid or satisfied, or so taken care of that they never lost any part of this real estate. The plaintiff has failed to establish the fact that said grantors did not continue to own (beneficially) the remainder of lot five. It is also proper to consider that Jamison and Gallagher at all times continued to hold and occupy this real estate for their stable for their own benefit; that the assignee never interfered with them in such use and occupation, and never asked them for the possession.

The plaintiff, Colie, had no interest in the bankruptcy proceedings; he was not a creditor of either Jamison or Gallagher, but indebted by bond and mortgage to both. His claim that the right to use the alley was terminated or forfeited by the proceedings in bankruptcy is quite technical—is not meritorious—and ought not to prevail unless the claim is so established that the law must enforce it. To hold that the language of the deed refers not to substance, but to form, to a naked legal title which turns out to have been held in trust for Jamison and Gallagher, and not to the substantial and beneficial ownership which they appear never to have lost, either by dispossession or by equitable rights, is giving the deed a turn that never was in the contemplation of the parties to it.

Too much regard is not to be had to the proper and exact signification of words and sentences so as to prevent the simple intention of the parties from taking effect. And whenever the language is susceptible of more than one interpretation the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties and of the subject-matter of the instrument *French* v. *Carhart*, 1 N. Y. 102. I am of opinion that the defendant has not lost the right to the use of the alley, and that this action cannot be maintained.