YOUMANS v. WAGENER & CO.

1. Where a wife becomes the owner in fee of land of which her husband had previously been seized during coverture, her inchoate right of dower under her husband's seisin is merged in her own fee-simple title; and she having conveyed this land to another, before her husband's death, she cannot after his death recover dower of her vendee. MR. JUSTICE MCIVER concurred in the result upon the ground that the warranty in her deed operated by way of estoppel to convey her subsequently vested estate of dower.

2. *It seems* that a question raised in the appeal from the Probate Court, but not considered by the Circuit Judge, cannot properly be raised by respondent here in support of the Circuit decree in the absence of a notice to appellant to that effect. MR. JUSTICE MCIVER, *dissenting.*

Before PRESSLEY, J., Hampton, June, 1888.

The opinion states the case.

*Mr. A. M. Youmans*, for appellant.

*Mr. James W. Moore*, contra.

March 7, 1889.   The opinion of the court was delivered by

Mr. Chief Justice Simpson.   This appeal involves the question whether the appellant is entitled to dower in certain real estate, denied her by the Circuit Court for Hampton County, on appeal from the Probate Court, which had decreed for her.   The following seem to be the facts upon which the claim was made. The husband of the demandant owned the tract of land in question during the coverture, and during said coverture it was sold at sheriff's sale under execution against said husband.   Afterwards, and still during the coverture, the purchaser at said sale sold and conveyed the land to the demandant, who conveyed to the defendants, F. W. Wagener & Co.   After this sale the husband died, and the appellant instituted the proceedings below in the Probate Court, demanding dower therein.   The Probate Court, as stated above, sustained the claim, but on appeal to the Circuit Court this decree was overruled, his honor, Judge Pressley, holding that the demandant having become the owner in fee simple of the land, her estate in dower became merged therein, and that in conveying to Wagener & Co., she conveyed an absolute estate, free from the encumbrance of dower.   He therefore reversed the judgment of the Probate Court.   The appeal assails this ruling as error, and the respondent defends the judgment below, 1st, on the ground upon which it is based by the Circuit Judge above, to wit, merger; and secondly, he urges in the argument the doctrine of estoppel as sufficient to sustain said judgment.

When a greater and a less estate meet in the same person without any intermediate estate, the less estate is merged in the greater; or, to use the language of the old law, is "drowned" and ceases to exist.   This is merger.   2 *Rapalje & Lawrence Law Dict.*, 815; *Mangum* v. *Piester*, 16 S. C., 316.   So, too, by operation of law, where one right unites in the same person with another right of greater legal worth, the first right is extinguished.   For instance, where one acquires a remedy or security

of a higher nature in legal estimation than the one he already possesses for the same right, then his remedies in respect of the minor right or security merge in those attaching to the higher one. An instance is a bond taken for a simple contract debt, or a bond reduced to judgment, the principle in all these cases, both as to the merger of estate and the extinguishment of rights, being that the larger estate or right of which the party becomes possessed, puts him in possession of the lesser as completely as though it had been enforced by itself, and therefore there is no longer any reason to claim it.

Now, it is true that in the case before us, there is no union of two estates (an inchoate right of dower not being an estate), nor is there a coinciding of *two* rights, in the sense referred to above, the claim for dower being a mere inchoate right and the estate a fee simple estate. There is therefore technically no merger of estates or of rights. But the principle upon which it has been established that a merger in such cases takes place is present here. The demandant, when she purchased the land, became the owner in fee, with an encumbrance of an inchoate right of one-third to herself as dower. Had her husband been dead at that time and her right to dower been consummated, there is no doubt but that the dower would have been merged, drowned in the fee, because the fee would have given her possession of the dower as well. Why not, then, the same result as to her inchoate right? This is a new case, it is true, no question of dower having ever been before this court, or courts elsewhere, upon the precise state of facts here, so far as our researches have gone, or so far as references of counsel have been made. In the absence of all authority upon the precise point involved, we conclude, from the analogy of merger established as above, that his honor was correct in holding that merger had taken place here, and that in conveying the land in question to F. W. Wagener & Co., she conveyed an absolute estate free from the encumbrance of dower.

As to the question of estoppel. His honor below did not in terms express himself upon that subject; and the respondent not having given notice that he would claim to support the decree upon that ground, it is not properly before us. And even if it was, it would be unnecessary to consider it, as the decree must

be affirmed upon the ground already stated. It does not need the estoppel.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed. Let this be certified to the Probate Court for Hampton County.

MR. JUSTICE McGOWAN concurred.

MR. JUSTICE McIVER. I concur upon the ground that the warranty in the deed to Wagener & Co. operated, by way of estoppel, as a conveyance of the subsequently vested estate of dower, upon the well settled doctrine that where one conveys an estate *with warranty*, to which at the time he has no title, or a defective title, and subsequently acquires a good and complete title, such title passes to the grantee through the estoppel raised by the warranty. *Wingo* v. *Parker*, 19 S. C., 16, and cases there cited. In the case of *Townsend* v. *Brown*, 16 S. C., 91, cited by appellant, the deed contained no clause of warranty, but was a simple quit-claim deed, and hence that case is not applicable.

It does not seem to me that we are precluded from considering this question by reason of the omission of counsel for respondents to give notice as required by the proper practice, that he would endeavor to sustain the judgment below on this ground; for this question was distinctly made in the appeal from the decree of the judge of probate, and therefore it is one of the questions "fairly arising upon the record of the case," and was in fact argued by counsel for appellant.

Judgment affirmed.