(27 Misc. Rep. 763.)

### HUFF v. WHEELER et al.

(Steuben County Court. June, 1899.)

1. DOWER—JOINTURE—DEED BY THIRD PERSON.
   In the absence of other evidence of such an intention, property conveyed by a deed to a wife by one who acquired title from her husband, by a deed in which she did not join, will not be deemed a jointure in lieu of dower.

2. SAME—ESTOPPEL.
   Where lands are sold under execution against a married woman, where prior to such sale the title to the lands was in her husband, and were by him deeded to a third party without her joining in the deed, and 6 months thereafter were by such grantee conveyed to her by warranty deed, she is not estopped to assert her dower interest in the land on the death of her husband, as against one claiming under the execution sale.

3. SAME—SALE OF INCHOATE RIGHT—MERGER.
   A husband conveyed land, by a deed in which his wife did not join, to another, who subsequently conveyed to the wife. Thereafter, and during the lifetime of the husband, the land was sold on execution against the wife. Held that, as her inchoate right of dower could not be sold, after the husband's death she could maintain an action to recover dower, as her inchoate dower interest did not merge in the title she acquired from her husband's grantee.

Action by Catherine Huff against Emma L. Wheeler and others. Judgment for plaintiff.

J. H. & C. W. Stevens, for plaintiff.
I. W. Near, for defendants.

ROBINSON, J. This action is brought 'to recover dower in the premises described in the plaintiff's complaint. On the 5th day of February, 1880, one Nicholas Huff, who was at that time the hus- band of the plaintiff, by deed dated that day conveyed the lands de- scribed in the complaint to one David Russell for the consideration, expressed in said deed, of $800. The plaintiff did not join her said husband in the execution of the said deed. On the 31st day of August, 1880,—more than six months thereafter,—David Russell and wife, by deed containing full covenants of warranty, conveyed said premises to the plaintiff for a consideration, expressed in the deed, of $800. The plaintiff accepted of the deed, and caused the same to be recorded in the Steuben county clerk's office. There- after, on the 18th day of November, 1882, one Seth H. Merriman re- covered in the supreme court a judgment against said Catherine Huff for $876.95, which judgment was duly docketed in the Steuben county clerk's office on said last-mentioned date. On the 9th day of January, 1883, said Merriman also recovered another judgment in the supreme court against said Catherine Huff and her husband, Nicholas Huff, for $180, which was also docketed in the Steuben county clerk's office on said date. Executions were duly issued on both of the said judgments and delivered to the sheriff, and on the 24th day of May, 1884, the right, title, and interest of Catherine Huff, the plaintiff herein, in the lands set forth in the complaint, were assumed to be sold to Seth H. Merriman in the usual way, and a certificate of sale issued, which certificate of sale was duly trans- ferred to one Richard S. Curtis; and on the 1st day of September, 1885, the premises not having been redeemed, the usual sheriff's deed was made to the said Curtis of the said lands in question, and the said Curtis entered into possession of the same immediately thereafter. Nicholas Huff died on November 25, 1892, long after the sale aforesaid. In pursuance of a mortgage executed prior to the death of Nicholas Huff by Richard S. Curtis, and in an action in this court, and in pursuance of an order of the court, the prem- ises were sold to one Marcus Wheeler, but at the time of the sale and prior to the purchase thereof he was informed of the plaintiff's claim. Dower was afterwards demanded, and this action brought.

Upon these facts, three questions are presented: First. Was the deed to David Russell and the deed made some six months there- after by him to the plaintiff a jointure or pecuniary provision made to the plaintiff in lieu of dower in the lands in question? Second. Did the plaintiff's inchoate right of dower in the lands in question become merged in the estate conveyed to her by the Russell deed, and was her right of dower thereby destroyed? Third. Is the plain- tiff estopped from claiming dower in the said premises by reason of the acceptance of the Russell deed to her containing the covenants therein?

I am quite clear that the first proposition can be answered in the negative, for the reason that there is nothing in the deeds them- selves, or in the testimony given upon the trial, which indicates any intention to create a jointure or pecuniary provision in lieu of

dower. The second deed was made more than six months after the first one, and there is no evidence that it was part of the same transaction, and the courts have repeatedly held that the wife should not be left in the dark as to the intention of the husband in making provision for her in lieu of dower. Lewis v. Smith, 9 N. Y. 502; Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868. The cases holding that, where there is a manifest incompatibility between the provision for a widow in a will and dower, the widow is put to an election between them, cannot apply to conveyances by deed, as in this case. Asche v. Asche, 113 N. Y. 232, 21 N. E. 70.

I am also clear that the third proposition may be answered in the negative, because no act on the part of the plaintiff has caused any person interested in the lands described in the complaint to part with any right or valuable thing. A vastly different rule might prevail, had the plaintiff voluntarily conveyed the lands, instead of being compelled to part with an interest therein by legal process. I have been unable to satisfy myself that the acceptance of any assurance of title from a grantor by a grantee will operate as an admission that the grantee did not already possess, or claim to possess, rights which the language of the conveyance would seem to have conveyed. Assuming that the acceptance of such a conveyance would operate as such an admission, how can the doctrine of estoppel be invoked by an involuntary grantee who obtained the title to the property without any consideration passing from him to the involuntary grantor? No act on the part of the plaintiff was intended to have, or actually had, any influence whatever on the conduct of any person. No person has taken any steps or act to their disadvantage by reason of any act on the part of the plaintiff. All that was obtained by virtue of the sale was clear gain to the judgment creditor in his effort to collect a debt.

A more serious question, however, is presented by the question of merger. It seems to be well settled by the authorities that:

"An inchoate right of dower may be released to the grantee of the husband, by a proper conveyance executed and acknowledged in the form prescribed by statute; but the right cannot be transferred to a stranger, or to one to whom the wife does not stand in privity." Marvin v. Smith, 46 N. Y. 571–574.

"An inchoate right of dower is not an estate or interest in land at all, but is a contingent claim arising, not out of contract, but as an institution of law, constituting a mere chose in action, incapable of transfer by grant or conveyance, but susceptible, only during its inchoate state, of extinguishment" in the manner prescribed by law. Witthaus v. Schack, 105 N. Y. 336, 11 N. E. 649; Steele v. Ward, 30 Hun, 555–557.

"A feme covert cannot bind herself personally by a covenant or contract affecting her right of dower during the coverture. Hence a deed executed by husband and wife with the covenant of warranty does not estop the wife, in an action of ejectment against her after the death of the husband, from setting up a subsequently acquired title to the same lands. The general rule that a vendor of real estate in fee, with covenants of warranty, cannot acquire an outstanding title and set it up adversely to his conveyance, is not applicable to the deed of a feme covert who unites with her husband in a conveyance with warranty. The inchoate right of dower not being the subject of a conveyance in any of the usual forms by which real property is transferred, and the doctrine of estoppel, by which subsequently acquired titles are made to inure to the benefit of former grantees of lands with covenants of warranty, being

inapplicable, it follows that the grantee or mortgagee claiming under an instrument executed by a married woman during coverture acquires no title to or interest in the dower of the grantor or mortgagor, when the estate becomes absolute, whether dower has been assigned or not. The law will not effect indirectly, or by way of estoppel, that which cannot be accomplished by contract and the ordinary forms of conveyance. If, therefore, the husband had no interest which was subject to the mortgage, and passed by means of it, the mortgagee took no title to the dower right. That could only be released by a deed of her husband, conveying the estate to which it was incident, in which she should unite." Marvin v. Smith, 46 N. Y. 575.

From the facts in the above case, it appeared that the husband had conveyed the lands in trust for his wife, with the power to the wife to direct a sale or mortgage of the premises by the trustee, and it also appeared that the husband would acquire an interest in the lands only upon the contingency of the death of the wife leaving no children her surviving, and without having exercised the power conferred upon her, in which event the estate would revert to the grantor or husband. About as many contingencies are required by law to vest dower as were required in the last case cited for the title to revert to the grantor. It was held in the case just referred to that the husband had not such an interest in land as would carry with it the inchoate right of dower of his wife, by her joining with him in a conveyance to a third person. By analogy of reasoning, the plaintiff's inchoate right of dower not being an interest in land and the subject of sale by virtue of an execution, and having never been released, there was not such a vested lesser estate as would be merged in the greater estate. The interest obtained through the Russell deed only must necessarily have been sold by virtue of executions. The subsequently acquired dower upon the death of the plaintiff's husband has never yet been disposed of, as there has never yet been a meeting of the two estates at the same time in the same person. A mere chose in action, like an inchoate right of dower, favored by the law, should be preserved, if the interests of the person owning such interest are to be served thereby. Insurance Co. v. Mayer, 12 N. Y. St. Rep. 122.

The case of Malloney v. Horan, 49 N. Y. 111, does not, in my opinion, aid the defendants; for the husband and wife joined in a conveyance which ordinarily would have created a merger in their grantee, who thereby got the property freed from her dower, in the manner prescribed by statute, and conveyed it to the wife, but, the deed having been set aside as fraudulent and void as against creditors, the wife was permitted to recover her dower.

The doctrine of Marvin v. Smith, that the inchoate right of dower can only be transferred or released to one who already has, or by that same instrument receives, an independent interest, and that she (the wife) cannot by covenant or contract affect the dower right, has not been overruled, but approved, by Insurance Co. v. Shipman, 119 N. Y. 333, 24 N. E. 177. If she cannot personally covenant or contract in relation to her inchoate right, how can any one do it for her by deed to her and sale by a sheriff? In my opinion, inchoate right of dower cannot be extinguished or lost, except by

death, or a conveyance by the wife in the manner prescribed by law. It cannot be lost or merged by reason of her acquiring the title to the property, because "it is not an estate or interest in land." It is a prospect she may sometime enjoy, but not a present, vested estate, any more than any other estate which she may acquire by inheritance or otherwise. It is true that a chose in action belongs to her, but it is simply an inchoate right, which cannot be lost except by her death or conveyance.

In Youmans v. Wagener, 9 S. E. 106, 30 S. C. 302, the facts were these: The lands of the husband were during coverture sold at sheriff's sale, and afterwards, but also during coverture, conveyed to the plaintiff, the wife, who in turn, by deed with covenants of warranty, and for a valuable consideration, conveyed said land to the defendants; and, when dower became vested, she began an action to recover it. But in the case now submitted to the court there is not such conveyance and consideration. The South Carolina case, by analogy, would be the same as if the plaintiff's husband alone had conveyed the lands to David Russell, and he to the plaintiff, who afterwards executed a warranty deed, for a valuable consideration, to Richard S. Curtis. If the South Carolina case could be considered on the doctrine of estoppel, it certainly gives no light on the doctrine of merger, in view of the decisions of our court of appeals to which I have referred. It follows that the plaintiff is entitled to recover her dower in this action.

Judgment for plaintiff.