## Case No. 2,053.

### BRUNE v. SMITH.

[13 Int. Rev. Rec. (1871) 54.]

Circuit Court, D. Maryland.

INTERNAL REVENUE—ACT OF 1867—PROPERTY SUBJECT TO TAX.

Testator died in 1807, having by deed of settlement conveyed to his daughter Maria certain real estate for life, and to her descendants in remainder. Maria accelerated the succession by an amicable agreement in the state court, by which she received absolutely one-sixth of the value of the property, and the remaindermen five-sixths. A return of the five-sixths was made by the trustee under protest, and the assessment was made by the assessor, and paid by the trustee under protest, and suit brought to recover. *Held*, the tax was properly assessed, as being within the conditions prescribed by the statute, section 27 (a past disposition of real estate), and section 35 [14 Stat. 530, 534]; such a relinquishment constituted an acceleration as contemplated by said section; and that section 28 of the act is not applicable to this case. It seems to apply to estates in possession, out of which lesser estates have been carved, dependent upon lives.

[At law. Action by Frederick W. Brune, trustee, against Robert M. Smith, collector of internal revenue, to recover back taxes paid under protest. Judgment for defendant.]

F. W. Brune and Stewart Brown, for plaintiffs.

Archibald Stirling, Jr., U. S. Dist. Atty., for defendant.

Before BOND, Circuit Judge, and GILES, District Judge.

BOND, Circuit Judge. The facts of this case are that James Long in 1803, by deed of settlement, conveyed to his daughter Maria certain real estate in the city of Baltimore, for and during her life, and after her death to her children, and to the descendants of any deceased child. The daughter married, and had children, who, with herself, were living at the time of the assessment of the tax which this suit is brought to recover, though Maria herself has died pending the suit. It being considered for the advantage of all parties in interest that the real estate so conveyed should be sold, proceedings were had under the laws of Maryland in a state court to authorize a sale, and by the state tribunal the property was sold and the proceeds divided. The share of the life tenant in the proceeds was $16,000, and the share of those in remainder was $84,000. Upon the latter sum a succession tax was levied, and paid under duress and protest, and this suit is brought for its recovery. The case is submitted to the court under the act of congress without the intervention of a jury. It is contended by the plaintiff that there was no tax whatever due, because the facts did not create a succession; and that, if there was any tax due, it was due under the 28th section of the act of 1867, upon the increased value which the vested estate of the remaindermen would have acquired upon the death of the life tenant; but that, as the life tenant received the full value of her estate, there was no increased value added to the estate of the remaindermen. And further, it is claimed that, even if this case be treated as one coming under the 35th section of the act of 1867, there can be no more tax levied than would have been payable if the life tenant had died, which would have been, the plaintiff claims, a tax on $16,000, the increased value of the estate to the remaindermen.

We think that there can be no question that the deed of James Long was such a past disposition of real estate under section 27 of the act of 1867 as conferred a succession upon the parties in remainder, who are the real parties to this suit. It was a past disposition of real estate, where persons became beneficially entitled upon the death of a person dying after the passage of the act. This constitutes a succession. The value of the succession devolved upon the parties was the actual value of the estate, less the life estate of Maria at the time James Long made his deed; and whatever that value was, if the act of 1867 had been in force when the succession was thus devolved upon them, such would have been the amount liable for the succession tax. This tax was fixed upon this succession as soon as the act of 1867 was passed, though it was not payable until after the death of the life tenant. We are of opinion that this case falls within the provisions of the 35th section of the act of 1867, and that it is one of those cases where the title to a succession has been accelerated by the extinction of prior interests, and that the tax is payable upon the whole value of the remaindermen's interest. The succession they acquired under section 27, and upon which they were liable for tax had the life tenant died after the passage of the act of 1867, was the whole value of the estate; but the succession is here realized, and its enjoyment entered

into, not upon the death of life tenant, but by act of parties, and the full value of the succession is found to be $84,000, upon which the tax is properly laid. They have accelerated the succession. There has been no increased value given to their interests, because the life tenant received her share, and the remaindermen are taxed only upon what James Long left them. We do not think section 28 of the act is at all applicable to this case. It seems to apply to estates in possession, out of which lesser estates have been carved, dependent upon lives, and provides that as these interests in estates revert to the estate in fee, the increased value which they give it shall be a succession. Judgment for the defendant.