## WILHELMI V. WADE ET AL., APPELLANTS.

1. **U. S. Succession Tax:** LIEN OF: PERSONAL LIABILITY FOR. A purchaser of land, upon the descent of which a succession tax is due under the act of Congress (2 *Bright. Dig.* 370 § 327), incurs no personal liability to pay it; but takes the title subject to a lien for it.

2. ———. No one can be made liable for payment of a share of the succession tax due on the descent of a tract of land greater than his share in the land.

3. ———: PAYMENT BY SHERIFF. The act of Congress does not authorize a sheriff, who has sold land and collected the proceeds under an order of court in a partition suit, to pay the succession tax due upon the descent of the land.

*Appeal from Franklin Circuit Court.*—D. Q. GALE, Judge.

*John W. Booth*, for appellant.

HOUGH, J.—Jessee R. Stanley died in 1865, intestate, seized of certain lands in Franklin County. At the death of said Stanley, the defendants were, and now are, husband and wife. The defendant Olivia was a daughter of said Stanley, and inherited one-sixth part of his estate. She and two other heirs, owning in the aggregate one undivided half of said lands, conveyed the same to one Chapman W. Wade, who subsequently conveyed the same to the defendant, Green P. Wade, who, with his co-tenants, instituted proceedings in the Franklin Circuit Court for the partition of said lands. Said lands were ordered to be sold in partition, and the plaintiff, who was at the time sheriff of said county, made the sale, and after the expiration of his term of office, collected the purchase money and distributed the same according to the order of the court.

After making distribution as aforesaid of the proceeds of the sale, the plaintiff, without any authority or solicitation from either of the defendants, voluntarily paid out of his own funds, to the United States Collector the sum of one hundred and sixteen dollars and six cents, as a succession tax due to the United

States on account of the descent of the lands aforesaid from the said Jesse R. Stanley, and brought the present suit to recover from the defendants one-half of the tax so paid. The plaintiff obtained judgment against both defendants for one-half of said tax, from which judgment they have appealed to this court.

Conceding that the wife could be made personally liable for the pecuniary obligation imposed upon her during 2. ———. coverture, by reason of the succession aforesaid, still she could only be held liable for one-sixth, and not one-half of the amount paid by the sheriff, for her interest in the lands never at any time exceeded one-sixth thereof. On the other hand, the defendant, Green P. Wade incurred no personal liability on account of the succession tax due from the heirs, by reason of his purchase from them of their interests in the land inherited by them. He took their interests subject to a lien in favor of the United States, for the amount of the tax due (*Brightly's Digest*, vol. 2 p. 370 sec. 327), and such lien could be enforced against the land, but no personal judgment could be rendered against him therefor.

Again, we are unable to see by what authority the sheriff undertook to pay the tax in question. By section 3. ———: payment of sheriff. 320, *Int. Rev. Law*, *Brightly's Digest*, vol. 2 p. 369, it is provided that "the interest of any successor in moneys to arise from the sale of real estate, under any trust for the sale thereof, shall be deemed to be a succession chargeable with duty under this act, and the said duty shall be paid by the trustee, executor, or other person having control of the funds." This provision is not, in our opinion, applicable to sales in partition, and the sheriff who makes such sales is not a "trustee, executor, or other person having control of the funds," within the meaning of said section. That section plainly refers to lands which are transmitted by deed or will, charged with a trust for the sale thereof, and not to lands which pass to the successor under the statute of descents, and are subsequently

sold in partition, or under a judgment against the heirs. The sheriff having apparently acted in good faith, under a mistaken view of his duty, is, in conscience, entitled to be reimbursed by the parties originally liable for the tax; but that fact cannot alter our duty so far as the present judgment is concerned.

The judgment will be reversed and the cause remanded. All the judges concur.

REVERSED.