## Case No. 15,873.

### UNITED STATES v. NEW YORK LIFE INS. & TRUST CO.

[9 Ben. 413;[1] 24 Int. Rev. Rec. 118.]

District Court, S. D. New York. April, 1878.

#### INTERNAL REVENUE—LEGACY TAX.

Under section 124 of the act of June 30, 1864 (13 Stat. 285), and section 125 of that act, as amended by section 9 of the act of July 13, 1866 (14 Stat. 140), the United States sued a trustee under the will of a person who died in 1868, to recover a legacy tax of one per cent. on a sum of money which the trustee received and held in trust under the will for F., on the ground that F. had become entitled, in 1875, to the possession and enjoyment of such sum. By section 3 of the act of July 14, 1870

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

(16 Stat. 256), the taxes on legacies were repealed on and after October 1. 1870, saving taxes "assessed or liable to be assessed. or accruing" under former acts. It appearing that F. had not, on October 1. 1870, become entitled, under the will, to the possession or enjoyment of, or to the beneficial interest in, any of the principal sum of said money, it was *held* that the tax sued for had not accrued to the United States before October 1, 1870, and could not be recovered.

R. M. Sherman, Asst. U. S. Dist. Atty. John J. Townsend, for defendant.

BLATCHFORD. Circuit Judge. The 124th section of the act of June 30, 1864 (13 Stat. 285), provides, that "any person or persons having in charge or trust, as administrators, executors or trustees, any legacies or distributive shares arising from personal property, where the whole amount of such personal property, as aforesaid, shall exceed the sum of one thousand dollars in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws of any state or territory, or any personal property or interest therein, transferred by deed, grant, bargain, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor, to any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise, shall be, and hereby are, made subject to a duty or tax, to be paid to the United States as follows, that is to say: First, where the person or persons entitled to any beneficial interest in such property shall be the lineal issue or lineal ancestor, brother or sister, to the person who died possessed of such property, as aforesaid, at the rate of one dollar for each and every hundred dollars of the clear value of such interest in such property." The 125th section of the same act, as amended by section 9 of the act of July 13, 1866 (14 Stat. 140), provides, "that the tax or duty aforesaid shall be due and payable whenever the party interested in such legacy or distributive share or property or interest aforesaid shall become entitled to the possession or enjoyment thereof, or to the beneficial interest in the profits accruing therefrom, and the same shall be a lien and charge upon the property of every person who may die, as aforesaid, for twenty years, or until the same shall, within that period, be fully paid to and discharged by the United States; and every administrator, executor or trustee, having in charge or trust any legacy or distributive share, as aforesaid, shall give notice thereof to the assessor or assistant assessor of the district where the deceased grantor or bargainor last resided, within thirty days after he shall have taken charge of such trust; and every executor, administrator or trustee, before payment and distribution to the legatees or any parties entitled to beneficial interest therein, shall pay to the collector or deputy collector of the district of which the deceased person was a resident, the amount of the duty or tax assessed upon such legacy or distributive share, and shall also make and render to the assessor or assistant assessor of the said district a schedule, list or statement, in duplicate, of the amount of such legacy or distributive share, together with the amount of duty which has accrued or shall accrue thereon, verified by his oath or affirmation, to be administered and certified thereon by some magistrate or officer having lawful power to administer such oaths, in such form and manner as may be prescribed by the commissioner of internal revenue, which schedule, list or statement shall contain the names of each and every person entitled to any beneficial interest therein, together with the clear value of such interest, the duplicate of which schedule, list or statement shall be by him immediately delivered, and the tax thereon paid to such collector; and, upon such payment or delivery of such schedule, list or statement, said collector or deputy collector shall grant to such person paying such duty or tax a receipt or receipts for the same in duplicate, which shall be prepared as hereinafter provided. .- Such receipt or receipts, duly signed and delivered by such collector or deputy collector, shall be sufficient evidence to entitle such executor, administrator or trustee to be credited and allowed such payment by every tribunal which, by the laws of any state or territory, is or may be empowered to decide upon and settle the accounts of executors and administrators. And, in case such executor, administrator or trustee shall refuse or neglect to pay the aforesaid duty or tax to the collector or deputy collector, as aforesaid, within the time hereinbefore provided, or shall neglect or refuse to deliver to said collector or deputy collector the duplicate of the schedule, list or statement of such legacies, property or personal estate, under oath, as aforesaid, or shall neglect or refuse to deliver the schedule, list or statement of such legacies, property or personal estate, under oath, as aforesaid, or shall deliver to said assessor, or assistant assessor a false schedule or statement of such legacies, property or personal estate, or give the names and relationship of the persons entitled to beneficial interests therein untruly, or shall not truly and correctly set forth and state therein the clear value of such beneficial interest, or where no administration upon such property or personal estate shall have been granted or allowed under existing laws, the assistant assessor shall make out such lists and valuation as in other cases of neglect and refusal, and shall assess the duty thereon; and, in case of wilful neglect, refusal or false statement by such executor, administrator or trustee, as aforesaid, he shall be liable to a penalty of not exceeding one thousand dollars, to be recovered with costs of suit; and the collector shall commence appropriate proceedings before any court of the United States, in the name of the United States, against such person or per-

sons as may have the actual or constructive custody or possession of such property or personal estate, or any part thereof, and shall subject such property or personal estate, or any portion of the same, to be sold upon the judgment or decree of such court, and from the proceeds of such sale the amount of such tax or duty, together with all costs and expenses of every description to be allowed by such court, shall be first paid, and the balance, if any, deposited according to the order of such court, to be paid, under its direction, to such person or persons as shall establish title to the same. The deed or deeds, or any proper conveyance of such property or personal estate, or any portion thereof, so sold under such judgment or decree, executed by the officer lawfully charged with carrying the same into effect, shall vest in the purchaser thereof all the title of the delinquent to the property or personal estate sold under and by virtue of such judgment or decree, and shall release every other portion of such property or personal estate from the lien or charge thereon created by this act."

This suit is founded on a liability claimed to have been created by the foregoing statute, and is brought by the United States against the New York Life Insurance & Trust Company. On the 1st of November, 1868, Frederick Bronson died, leaving three children (two daughters and a son, Frederick). having duly made his will, by which he bequeathed and devised to his executors the residue of his estate, real and personal, on the following trusts: First, that they should divide the same, from time to time, as soon and to as large an amount as its condition might admit, into three equal shares or portions, and set apart and designate one of such shares or portions to each of his children. Second, that they should pay to the New York Life Insurance & Trust Company (the defendant) one-third of each of such shares or portions, to be held by such company in trust for each child, as follows, to wit, to invest the same, with the proceeds or income thereof, from time to time, in securities designated in the will, and to pay the income, or the portion thus deposited in said company, for his daughters respectively, if demanded, to such daughter semi-annually, and, on her death, the whole of such portion, with the accumulations thereof, if any, to go to her children, unless devised by her, as thereinafter provided; and to pay over to his said son, after he should attain the age of twenty-one years, the whole of the annual income of the accumulated sum of that portion held in trust for him, if demanded, in semi-annual payments. and, on his attaining the age of twenty-five, the whole principal sum so held in trust for him, with the accumulations thereof, except the sum of seventy thousand dollars, which should be held by said company in trust. to pay over to him the income thereof semi-annually during his life, and, at his death, the whole of the es-

tate held in trust for him, as well as the said seventy thousand dollars, to be paid according to his will, if he should die married or leaving children him surviving; but, in case he should die unmarried, leaving no children, then to his sisters or their children, the latter taking per stirpes and not per capita. The will then provides, that the executors shall invest the residue of the several portions of the estate in securities designated in the will. and apply the income of that portion then belonging to the son according to their discretion, not exceeding $3,000 annually, to his education and support, until he should arrive at the age of twenty-one years, and, after that time, the whole of such income, until he should reach the age of twenty-five, at which time they should transfer the principal sum, with the accumulations, if any, to him, except that portion thereof so devised in trust for him to the New York Life Insurance & Trust Company. After that the will contains the following clause: "I hereby authorize my son, in case of his marriage before attaining the age of twenty-five, to dispose of the whole sum herein devised to him by last will and testament, and, in case he dies intestate, leaving lawful issue, the same shall descend to such issue; but, in case of his death before reaching the age of twenty-five years, unmarried, and without lawful issue, then the whole of such sum shall go to his sisters, or their children, the latter taking per stirpes and not per capita; but, in case of his death during the lives of his sisters, or either of them, said share shall be held in trust for them, in the same manner as is provided for their shares."

The complaint alleges, in its first count, that the defendant received, as a trustee, the shares or portions which it was so to receive for the son for said purposes; that the amount thereof exceeded the sum of $1,000; that the principal sum and accumulation thereon of the share or portion of the son, held in trust by the defendant at the time such son attained the age of twenty-five years, after deducting the sum of $70,000 therefrom, amounted to the sum of $281,593; that such son attained the age of twenty-five years on the 1st of November, 1875, and became entitled to the possession and enjoyment of the principal sum and accumulation thereon aforesaid. and thereupon a duty or tax of one dollar for each and every hundred dollars of the said sum of $281,593, to wit, $2,815.93, became due and payable to the United States from the defendant; that thereafter, and within the time prescribed by law, the commissioner of internal revenue duly assessed said tax against the defendant; and that said tax is unpaid. There is a second count, which claims to recover fifty per centum of such tax, as a penalty for not making a return of such tax and paying it. The complaint demands judgment against the defendant for the tax and the penalty. with interest on the tax from November 1, 1875.

The answer of the defendant. after a general denial, alleges, that the testator bequeathed all his personal estate to his executors in trust, who in due time gave due notice thereof to the assessor of the district where the deceased last resided, and, before payment and distribution to the defendant or any party entitled, paid to the collector of said district the amount of the duty or tax assessed upon the distributive share directed to be paid to the defendant in trust for the said son, and also made and rendered to said assessor a schedule, in duplicate, of the amount of all legacies or distributive shares passing by the will of said testator, with the amount of duty which had accrued or should accrue thereon, duly verified and in due form as required by law, and delivered the duplicate thereof to the said collector; that said tax so paid was duly assessed upon the clear value of the interest of said son in the whole estate, then ascertained to be $292,171, according to the true intent and meaning of said will; and that such valuation was made, and such tax assessed upon the executors, by the assistant assessor and assessor of said district, and returned by them to the said collector of said district in the list for the month of May or June, 1870. The answer prays judgment if the United States ought to be admitted, against the record of the valuation of the interest of said son in said personal property, and the record of the assessment of $2,921.71, assessed, as aforesaid, as the tax to be paid, at the rate of one per centum of the clear value of such interest, to maintain this action or to make any assessment whatever against the defendant.

The case has been tried before the court without a jury, on an agreed statement of facts. At the trial the plaintiffs moved to strike out of the first count the allegation as to an assessment, and to strike out the second count entirely. The will, dated December 19, 1864, was put in evidence, containing the above recited provisions. It was admitted to probate November 17, 1868. The defendant accepted the position of trustee under the will, and in that capacity had in charge and trust for the son certain sums of money and securities, of the value altogether, in money, of $164,425.34, which were received by it at five several dates, from November 2, 1869, to February 1, 1873. The son attained the age of twenty-one years on the 23d of June, 1870, and attained the age of twenty-five years on the 23d of June, 1874. There was paid to him by the defendant, as trustee under the will, from the 23d of June, 1870, to the 23d of June, 1874, inclusive, under the clauses of the will providing that he should receive the income of the principal sum from the time he should become twenty-one years of age until the time he should become twenty-five years of age, the sum of $36,370. The defendant, as trustee under the will, paid to the son, on the 11th of July, 1874, as the amount which, by the terms of the will, he

was entitled to receive on attaining the age of twenty-five years, money and securities of the value altogether, in money, of $98,084.22. The defendant, as trustee under the will, retained the principal sum of $70,000, which it has hitherto held, and still holds, in accordance with the directions in that regard in the will. The executors of the testator gave notice to the assessor of the proper district of the terms of the will, and of all the particulars of the estate which passed from the testator, and delivered to the assessor of the proper district a schedule or list, and to the collector of the district a duplicate, which was in fact prepared by the assessor. The list was handed back to the executors by the assessor, and at the same time the assessor delivered to the executors a written paper, as a statement of the amount of tax due, based on the information which the executors had given to the assessor. In this statement the entire net personal estate of the testator was put down at $1,054,780.14. One-third of that amount for each of the three children was put down at $351,593.38. The values of the life estates of the two daughters severally in the sum of $351,593 were put down at the sums of $278,087 and $285,661 severally. The value of the life estate of the son in the sum of $351,593 (deducting $1,000) was put down at the sum of $292,171. The total value of the three life estates was put down at the sum of $855,919 and the tax thereon, at one per centum, was put down at $8,559.19. The assessment was put by the assessor into his monthly list for June, 1870. On the 23d of July, 1870, the executors paid to the collector, as the amount of the tax so assessed, $8,559.19, and received his receipt for the same. All the property which passed to the defendant in trust under the will was included in the property embraced in said lists, statement and receipt.

The United States, on the foregoing facts, claim to recover from the defendant a tax of one per centum on the value, at the death of the testator, November 1, 1868, of an annuity for seven years, on $164,425.34, computed by the Northampton tables, with interest on the amount of such tax from November 1, 1868; also a tax of one per centum on $98,084.22, with interest on such tax from June 23, 1874; also a tax of one per centum on the value, on the 23d of June, 1874, of an annuity for the life of the son, on the sum of $70,000, computed by the Northampton tables, with interest on such tax from the 23d of June, 1874.

By the third section of the act of July 14, 1870 (16 Stat. 256), it is provided, that, on and after the 1st of October, 1870, the taxes on legacies and successions imposed by the internal revenue laws then in force are repealed. The seventeenth section of said act of 1870 provides, that "all acts and parts of acts relating to the taxes herein repealed, and all the provisions of said acts, shall continue in full force for levying and collecting all taxes properly assessed or

liable to be assessed or accruing under the provisions of former acts, or drawbacks, the right to which has already accrued, or which may hereafter accrue, under said acts, and for maintaining and continuing liens, fines, penalties, and forfeitures incurred under and by virtue thereof; and this act shall not be construed to affect any act done, right accrued, or penalty incurred under former acts, but every such right is hereby saved."

It was entirely uncertain, under the terms of the will, whether the son would ever be entitled to the possession or enjoyment of any part of the principal or income of the one-third share put in trust for him in the hands of the defendant, or to any beneficial interest in such share, except, perhaps, in the income or profits accruing therefrom. He could not have any of the income of such share until he attained the age of twenty-one years, nor could he have any of the principal of such share until he attained the age of twenty-five years. He might have died before he became twenty-one. The testator died November 1, 1868. The son became twenty-one on the 23d of June, 1870. If the son had died before he became twenty-one, unmarried, leaving no lawful issue, the estate held in trust for him by the defendant would not have passed under any disposition of it made by him by will, but would have gone, under the terms of the will, to his sisters or their children. On the 1st of October, 1870, when the repealing act took effect, the son had become entitled, at most, to the possession or enjoyment of, and to the beneficial interest in, nothing but the income, for his life, of the share held in trust for him by the defendant. He had not, at that time, become entitled to the possession or enjoyment of any of the principal sum which he was entitled to have on reaching the age of twenty-five, or to any beneficial interest therein, as a principal sum. If, on or after the 1st of October, 1870, he had died before reaching the age of twenty-five, without marrying, leaving no lawful issue, the estate held in trust for him by the defendant would not have passed under any disposition of it made by him by will, but would have gone, under the terms of the will, to his sisters or their children.

On the foregoing facts the question arises, whether any of the taxes sued for or claimed to be recovered herein had "accrued" to the United States before the 1st of October, 1870. None of them were due or payable, by the terms of the statute, until the son became entitled to the possession or enjoyment of the moneys in respect of which the tax is claimed, or to the beneficial interest in the same or in the income thereof. The taxes were repealed before the son became so entitled to anything, except, perhaps, the income for life of the share held by the defendant in trust for him, and, when the taxes were repealed, it was uncertain, under the terms of the will, whether the son would ever be entitled to anything more. Under these circumstances the defendant could never be called upon to respond for any tax on the share held by it in trust for the defendant, except, perhaps, the legacy tax on his life estate in such share, the value of such life estate being the clear value of his beneficial interest in such share.

The purport of the decision in May v. Slack [Case No. 9,336], is, that a tax "accrues" on a pecuniary legacy on the death of the testator, only where the legacy becomes vested by the death of the testator, and would pass under the will of the legatee, or to his personal representative, or could be assigned by him. In the present case, even if the right to the income for life of the trust share in the hands of the defendant accrued to the son when the testator died, and before the son became twenty-one, so that the legacy of such life estate became vested by the death of the testator and would thereafter pass by the will or assignment of the son, yet no right to anything else, or to the principal of the trust share, accrued to or became vested in the son before October 1, 1870.

On the 1st of October, 1870, it was uncertain when any legacy tax or duty would have to be paid in respect of any of the estate held in trust by the defendant, except, perhaps, the life estate of the son therein, or whether the son would ever enjoy anything but such life estate, or to whom the estate, beyond such life estate, would pass. The son's sisters and their children might all of them die before the son, and then he might die before reaching the age of twenty-five, and then the property held in trust by the defendant might pass to others. In such a case, according to the decision in Mason v. Clapp [Case No. 9,233], no tax would have accrued before the repeal took effect. In that decision, Judge Shepley, commenting on May v. Slack [supra] points to the fact, that, in May v. Slack, the tax accrued before the repeal, because the person who was to receive the legacy had before that been ascertained, and it was absolutely due to a specific legatee. But he holds that the evident intention of the exception in the repealing act was to provide for levying and collecting such taxes as should have been assessed before October 1, 1870, and such tax as before that time had accrued against any particular person, where, as against him, the right had accrued and become absolute.

In Mason v. Clapp [supra], the devise was of real estate, to the testator's widow for life, and, on her death, to the plaintiff. The effect of the succession tax statute in that case was the same as the effect of the will in the case now before us, that is, to prevent the saving clause in the repealing act from reaching the case. The views of

Judge Shepley are adopted by the supreme court in Clapp v. Mason, 94 U. S. 589. There is nothing inconsistent with those views in the decision of Judge Shepley in Mason v. Sargent [Case No. 9.253]. In that case the legacy was to the testator's widow for life, and on her death, one-half of it to his son and the other half to his daughter. They were both of them living and of full age at the time of his death.

In the present case a tax of one per centum on the value of the life estate of the son at the time the testator died, in $351,-593, namely, on $292.171, was paid. The only tax sued for in the complaint is a tax of one per centum on $281,593, as the principal sum, and accumulation thereon, of the share of the son which was held in trust by the defendant at the time the son attained the age of twenty-five years, after deducting the $70,000 therefrom. The complaint avers, that the son attained the age of twenty-five years, and became entitled to the possession and enjoyment of the principal sum and the accumulation thereon, at a date long subsequent to the 1st of October, 1870, and that the tax sued for became due and payable when the son attained the age of twenty-five years, and the complaint claims interest on such tax from the time when the son attained the age of twenty-five years. The complaint claims nothing in respect of any tax on the value of any life estate of the son. It follows, that the United States have no valid claim to recover from the defendant the tax sued for in the complaint.

The case was tried by the parties on the theory that the plaintiffs would be allowed to claim a recovery in the case for all or any of the three taxes before stated to be claimed by them from the defendant, if entitled to recover such tax or taxes on the facts proved. although the form of the complaint was limited to the specific tax claimed in it. I, therefore, proceed to consider the claims for those three taxes.

The claim to the tax on the $98,084.22 paid to the son by the defendant, after he attained the age of twenty-five years, is the same claim that is set forth in the complaint, the $281,593 being, on the evidence, really only $98,084.22. The defendant received $164,425.34, and paid to the son $98,-084.22. The difference, $66,341.12, represents substantially the $70,000 directed by the will to be retained. The claim to a tax on the value of an annuity for the life of the son on the $70,000 must be rejected, for the same reason for which the claim to a tax on the $98.084.22 is rejected.

The remaining tax claimed is a tax of one per centum on the value, at the death of the testator, of an annuity for seven years on the $164,425.34 paid to the defendant, from time to time, in trust for the son. The tax is imposed by the statute on the share passing by the will. from the testator to the distributee, and is imposed on the clear value of the beneficial interest of such distributee at the time the share passes by the will. that is, at the death of the testator. In the present case, the clear value of the beneficial interest of the son in the one-third of the personal estate of the testator, at the time of the death of the testator, was, under the will, at most, the value of the estate for life of the son in such one-third. Such one-third, according to the statement of facts agreed on at the trial, included all the property which passed to the defendant in trust under the will. Such one-third was. as appears by the will, to be one-third of both real and personal estate. One-third of the personal estate, according to inventory, was $351,593. One-third of that, given in trust to the defendant for the son, was $117,197.67. The difference between that sum and the $164,425.34 paid to the defendant as one-ninth, if not presumably to be accounted for as the proceeds of real estate, or as accretion of value of personal estate after the death of the testator, is not explained. On the evidence, the United States received, in receiving the $8,-559.19, a tax of one per centum on the clear value, at the time of the death of the testator. of an estate for the life of the son in all the personal property which passed to the defendant, under the will, in trust for the son. This includes a tax on the value, at the same time, of an estate for seven years, or of an annuity for seven years, in or on such personal property, and includes the tax now claimed. Such tax has, therefore, been paid.

It results, therefore, that there must be judgment for the defendant.