## Case No. 6,341.

### HELLMAN v. UNITED STATES.

[15 Blatchf. 13.][1]

Circuit Court, S. D. New York. July 1, 1878.[2]

#### TAX ON LEGACIES.

Under the provisions of sections 124 and 125 of the act of June 30, 1864 (13 Stat. 285–287), as amended by section 9 of the act of July 13, 1866 (14 Stat. 140), in relation to a tax on lega-

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]
[2] [Affirming Case No. 15,343.]

cies and distributive shares of personal property, the tax on a pecuniary legacy accrues on the death of the testator, though not payable until the legatee becomes entitled to the benefit of the legacy. Therefore, where a testator died in 1869, leaving a will making pecuniary legacies, arising out of personal property, but the legatees did not become entitled to the benefit of the legacies until 1875, it was *held*, that the executor became liable at the latter date to pay the tax on the legacies, although the tax on legacies was repealed by section 3 of the act of July 14, 1870 (16 Stat. 256), from and after October 1, 1870, the liability of such executor being preserved by section 17 of said act of 1870.

This was a writ of error to the district court. The United States brought a suit at law in that court against Angelo Hellman, to recover $860, with interest from February, 1875. The complaint alleged, that, in September, 1869, one Bamberger died, leaving a will, whereby, after making specific legacies, he bequeathed the residue of his property to his executors in trust, and directed that his wife should have the income thereof for her life, and that after her death it should be invested until his youngest child, him surviving, should become of age, at which time his son Abraham was to have $10,000 of it, and the residue was to be divided among all his children, including Abraham, share and share alike; that his wife and his son Levi, and his son the defendant, were appointed by the will the executors and guardians of the infant children; that the defendant qualified and acted as executor, and had in his charge and trust, as such executor, the rest and remainder of the testator's personal property, for said purposes; that said personal property exceeded the sum of $1,000 in actual value; that the said wife died in March, 1871; that the testator's youngest child, him surviving, became of age in February, 1875; that the testator's children became entitled to the possession and enjoyment of the rest and remainder of said estate in February, 1875; that thereupon a tax or duty, at the rate of $1 for each and every $100 of the clear value of the rest and remainder of said personal property, became due and payable to the United States from the defendant; that the clear value of such rest and remainder, in February, 1875, was $86,000; and that the said tax or duty thereon was $860. The defendant demurred generally to the complaint. The district court overruled the demurrer and gave judgment for the plaintiffs. [Case No. 15,343.] The decision of that court (Blatchford, J.) was as follows: "I do not think the decision in Clapp v. Mason, 94 U. S. 589, covers this case. The facts in this case are like those in Mason v. Sargent [Case No. 9,253], and I concur with Judge Shepley in the views announced by him in his decision in that case. The defendant, being executor, is made liable or 'subject' to the tax, and was bound to pay it before paying over the legacies, after the legatees became entitled, in February, 1875, to the possession and enjoyment of the legacies. Judgment is ordered for the plaintiffs

on the demurrer, with leave to the defendant to answer in 20 days, on payment of costs."

Siegmund Spingarn, for plaintiff in error.
Stewart L. Woodford, Dist. Atty., for defendants in error.

WAITE, Circuit Justice. The judgment in this case is affirmed. The distinction between taxes on legacies and taxes on successions is so clearly stated by Judge Shepley, of the First circuit, in Mason v. Sargent [supra], that it is only necessary to refer to that case as authority for this decision. In cases of succession, the right to the tax does not accrue until the successor becomes entitled to the possession or enjoyment of the estate to which he succeeds, but in cases of pecuniary legacies it accrues upon the death of the testator, though not payable until the legatee becomes entitled to the benefit of his legacy. Clapp v. Mason, 94 U. S. 589, was a case of a tax upon a succession.