THACHER (STEELE v.). See Case No. 13,-348.

## Case No. 13,851.
### THACHER v. UNITED STATES.
[15 Blatchf. 15.] [1]

Circuit Court, S. D. New York.   July 1, 1878. [2]

FORFEITURE—INTERNAL REVENUE REGULATIONS—SPIRITS—FALSE DOCUMENTS.

1. Distilled spirits, unrectified, were seized as forfeited under section 3451 of the Revised Statutes, which provides, that every person who falsely or fraudulently executes or signs any document required by the provisions of the internal revenue laws, or by any regulation made in pursuance thereof, or who procures the same to be falsely or fraudulently executed, or who advises, aids in, or connives at such execution thereof, shall be imprisoned, &c., and the property to which such false or fraudulent instrument relates shall be forfeited. Under sections 321 and 3249, the commisssioner of internal revenue had made a regulation that a rectifier, before emptying spirits to be rectified, should give a notice, form 122, to the collector, and that thereupon a gauger should reguage such spirits and make a report, form 59, from which the rectifier should make an entry in form 122, and the gauger should certify on the latter form as to his making the gauge and seeing the packages emptied and the stamps destroyed, and as to the correctness of such entry by the rectifier. The alleged cause of forfeiture was, that the owner of the spirits, with the purpose of obtaining stamps for rectified spirits, to be placed on other spirits on which the tax had not been paid, made false returns as to the first named spirits, on form 122, and, by bribing a gauger, induced him to make a false certificate on form 122, and a false return on form 59, so that the packages were not emptied, nor the stamps destroyed, being the packages seized. Held, that the regulation was a valid and reasonable one.

2. It applied to unrectified spirits.

3. The false documents related to the spirits in respect to which the certificate and report were made.

[Error to the district court of the United States for the Southern district of New York.]

Thomas Harland, for plaintiff in error.
Stewart L. Woodford, Dist. Atty., for defendant in error.

WAITE, Circuit Justice. Section 3451 of the Revised Statutes is as follows: "Every person who simulates, or falsely or fraudulently executes or signs, any bond, permit,

---

[1] [Reported by Hon. Samuel Blatchford. Circuit Judge, and here reprinted by permission.]
[2] [Affirming Case No. 15,944. Decree of circuit court affirmed by supreme court in 103 U. S. 679.]

entry or other document required by the provisions of the internal revenue laws, or by any regulation made in pursuance thereof, or who procures the same to be falsely or fraudulently executed, or who advises, aids in, or connives at such execution thereof, shall be imprisoned for a term not less than one year nor more than five years; and the property to which such false or fraudulent instrument relates shall be forfeited." The commissioner of internal revenue is required (section 321), under the direction of the secretary of the treasury, to "prepare and distribute all the instructions, regulations, directions, forms, blanks, stamps, and other matters pertaining to the assessment and collection of internal revenue;" and, by section 3249, the commissioner is specially authorized to "prescribe rules and regulations to secure a uniform and correct system of inspection, weighing, marking and gauging of" distilled "spirits." Pursuant to this authority, the commissioner, with the approval of the secretary, adopted as one of the rules and regulations of the department, that, whenever any rectifier proposed to empty any spirits for the purpose of rectifying, &c., he should, in a specific manner and in the proper place, enter upon a blank notice, known as form 122, the number and description of the casks or packages he would empty, and forward the notice in duplicate to the collector of the district. Upon the receipt of this notice, the collector was required to deliver it to a gauger, with instructions to make an actual regauge of the spirits specified therein, and make a report thereof on what was known and designated as form 59. From a copy of this report to be furnished by the gauger, the rectifier was required to fill up the column in form 122, headed, "Contents, as Shown by Gauger," and the gauger to certify at the foot of the form, that, on the —— day of ——, 18—, he made an actual gauge of the spirits described in the form, that he saw the packages emptied and stamps destroyed, and that the column, "Contents, as Shown by Gauger," was correctly filled up. The gauger was also specially required to witness the dumping of the entire quantity of spirits that the rectifier gave notice, in the form 122, he would empty, and any neglect in this regard was a breach of duty. This was part of the system of "inspection, weighing, marking and gauging," adopted for the security of the collection of taxes upon distilled spirits, and these certificates, returns and notices were essential to an issue of stamps for rectified spirits.

The seizure in this case was for a violation of section 3451, and the information charges that the spirits seized were, prior to their seizure, owned by one Rensberg, who was duly authorized to carry on the business of a rectifier upon premises in the first internal revenue collection district of the state of Missouri, and that, while the foregoing regulations were in force, and while his ownership of the spirits continued, he, "with the purpose and intention of obtaining the issue to him of stamps for rectified spirits, to be placed upon certain other spirits upon which the tax had not been paid, and for the purpose of evading said tax, and enabling him to dispose of the latter mentioned spirits without compliance with any requirement of law respecting them, falsely made returns to the collector of the collection district aforesaid, upon form 122 aforesaid, that the spirits first above mentioned were emptied for rectification upon his premises aforesaid, and the stamps, marks and brands thereupon effaced and obliterated; and that said Rensberg, then and there, by means of a bribe for that purpose, paid by said Rensberg to a certain United States gauger, who was then and there charged with the duty of inspecting the emptying of packages of spirits for rectification upon the premises aforesaid, and of making his certificate relating thereto, as set forth in form 122 aforesaid, and of making a report relating thereto to said collector, upon a form duly, by the commissioner aforesaid, according to law, for that purpose, prescribed, and known as form 59, * * * induced said gauger to make his certificate upon form 122 as aforesaid, and the return upon form 59 aforesaid, that the packages of spirits first above mentioned were emptied upon said premises, and the stamps, marks and brands upon them effaced and obliterated, while in truth and in fact such returns, forms 122 and 59, and said certificate, were wholly false, and said packages were not emptied, or said stamps, marks or brands effaced or obliterated, but, on the contrary thereof, said packages were subsequently shipped and delivered to the claimants in this action," &c.

Upon demurrer to this information the district court entered a decree of condemnation and forfeiture [Case No. 15,944], and it is now insisted that this decree is erroneous, because, (1) the regulation requiring the certificate and report alleged to have been falsely and fraudulently executed, was not made pursuant to law; (2) the regulation, if valid, has reference only to the stamping of rectified spirits, and does not affect those that are unrectified, and upon which the tax on distilled spirits has been paid; and (3) the false documents complained of did not "relate" to the spirits in respect to which the certificate and report were made, but only to such as should have affixed to them any stamp obtained by means of the fraudulent device complained of.

It is certainly true, that the commissioner of internal revenue cannot alone, or in connection with the secretary of the treasury, alter or amend the internal revenue law. All he can do is to carry into effect that which congress has enacted. His regulations in aid of the execution of the law must be reasonable, and made with a view to the due assessment and collection of the revenue.

·There can be no doubt of the reasonable-·ness of the particular rules now under consideration. The very means employed by Rensberg to obtain an over-issue of rectifier's stamps, shows their importance. They create no new penalties under the law, but simply furnish the way of enforcing the old ones. While the ultimate object of the regulations may be, and undoubtedly is, to ensure the proper stamping of all rectified productions, the immediate thing to be accomplished, as a means to that end, is the certainty of accurate returns from the rectifier, of the quantity of distilled spirits actually used in his business. For this purpose, a system of checks and balances has been adopted, with a view to the detection of fraud between the rectifier and the distiller. Prudence requires such precautions, and honest dealers are not unnecessarily incommoded by them. The punishment is of the offence created by the statute. The regulations provide the means of detecting the offender. These regulations require certain certificates and reports, as the business goes on. The law makes it an offence to falsely or fraudulently execute. or procure to be falsely or fraudulently executed, any such certificate or report. The allegation in this case is, that such a thing has been done in respect to the spirits now in controversy. Clearly, the case is brought within the statute.

The offending property is that about which the false and fraudulent certificate and report were made. Neither the certificate nor the report "relate" to any other property. If the fraud should be successful and an over-issue of stamps procured, other property might become liable to forfeiture by reason of the subsequent use of such stamps, but that would not relieve this from the effect of what has already been done. The forfeiture follows from the fraudulent act, whether successful or not, and the property to be forfeited is that in respect to which the false and fraudulent certificate has been made.

The decree of the district court is affirmed.

[On error, the above judgment was affirmed by the supreme court. 103 U. S. 679.]