## Case No. 16,431.

UNITED STATES v. TAPPAN et al.

[10 Ben. 284.] [1]

District Court, S. D. New York. Feb., 1879.

SUCCESSION TAX—PERSON LIABLE—BENEFICIARIES—TRUSTEES.

The person liable to pay a tax on a "succession" under sections 126 to 137 of the act of June 30, 1864 (13 Stat. 287), is the person beneficially interested in the property, and not the trustee or executor in whom the legal title is vested, or to whom a power in trust is given for the benefit of such person.

[This was an action by the United States against Frederick D. Tappan and others to recover certain taxes.]

E. B. Hill, Asst. U. S. Dist. Atty.

Davies, Work & McNamee, for defendants.

CHOATE, District Judge. This was an action brought to recover succession taxes. The defendants demur to the complaint on the ground that it states no cause of action. The complaint alleges that Ann Eliza Cairns died March 18th, 1866, having made her will, appointing the defendants her executors; that by her will she devised all her real estate at Roslyn, in Queens county, New York, to her three grandchildren in fee, and empowered and directed the defendants as her executors to lease the real estate and receive the rents and profits and apply the same in divers ways in the will specified, until the eldest of the grandchildren should attain the age of twenty-one years or marry, whichever event should first happen; that by said will the defendants became entitled in possession to said real estate in behalf of the devisees thereof, none of said devisees being of the age of twenty-one years or married, and that the defendants entered upon the real estate and leased it and received the rents and profits, and applied the same as directed by the will; that the value of the real estate was $25,000, and that the tax or duty of one per cent thereby became due from defendants. For a second cause of action the complaint alleges that the testatrix gave and devised to her three grandchildren real estate in the city of New York, for the term of their natural lives; that by the will the defendants, as executors, were empowered and directed to let or lease the same and receive the rents and profits, and apply the same in divers ways by the will directed; that thereby the defendants became entitled in possession to this real estate on behalf of said devisees: that they entered upon and leased it, and received the rents and profits, and applied them as directed by the will, and are still in possession thereof and still continue so to receive and apply the rents and profits; that each of said devisees, the grandchildren, succeeded to a life estate in one-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

third of the rents and profits of the same, the values of said life estates amounting in all to $373,108, and that the defendants became liable to pay the succession tax thereon at the rate of one per cent, amounting to $3,731.08.

It is insisted on the part of the defendants that on these facts stated in the complaint the devisees, and not the executors, are the parties liable, under the statute, to pay the succession tax. The provisions of law in relation to taxes on successions to real estate are contained in sections 126 to 150 of the act of June 30th, 1864 (13 Stat. 287–291.) By section 126 a "succession" is defined as denoting "the devolution of title to any real estate." By section 127 it is declared "that every past or future disposition of real estate by will, deed or laws of descent, by reason whereof any person shall become beneficially entitled, in possession or expectancy, to any real estate or the income thereof upon the death of any person dying after the passing of this act, shall be deemed to confer on the person entitled by reason of any such disposition a succession;" and the term "successor" shall denote "the person so entitled." By section 129 it is provided "that where any persons shall take any succession jointly they shall pay the duty chargeable thereon by this act in proportion to their respective interests in the succession." Section 133 provides for the rate of the tax, varying with the relationship of the successor to the person from whom the succession is derived from one per cent in case he is the lineal issue to six per cent in case he is a stranger to the blood. This section says: "There shall be levied and paid to the United States in respect of every such succession, the following duties." It does not expressly declare who shall pay the duty. Section 134, which is designed to meet the case of a succession passing from one person to another before it comes into possession, declares that one duty only shall be paid "and shall be due from the successor who shall first become entitled in possession," and also that such duty "shall be at the highest rate which, if every such successor had been subject to duty, would have been payable by any one of them." Section 137 provides that "the duty shall be paid at the time when the successor or any person in his right or on his behalf shall become entitled to his succession or to the receipt of the income or profits thereof, etc." Sections 138 and 139 declare that the conversion of real estate into money, or money into real estate under any trust created therefor, shall be deemed a succession chargeable with duty under the act; that the duty shall be paid "by the trustee, executor or other person having control of the funds." Section 140 entitles a successor to a return in certain cases "of a proportionate amount of the duty paid by him." So section 141 provides that in a certain case "the successor shall be entitled to a return of so much of the duty paid by him as will reduce the same to the amount

which would have been payable by him, if such duty had been assessed in respect of the actual duration or extent of his interest, provided that if the estate of the successor shall be defeated in whole or in part by its application to the payment of the debts of the predecessor, the executor, administrator or trustee so applying it shall pay out of the proceeds of the sale thereof the amount so refunded, and provided also that if the estate of the successor shall be defeated in whole or in part, by any person claiming title from and under the predecessor, such person shall be chargeable with the amount of duty so refunded," etc. These sections clearly imply, if they do not expressly provide, that except in the cases provided for in sections 138, 139 and 140, in all of which a conversion of a fund of money into land or of land into a fund of money, and the possession of such fund by an executor or trustee, are contemplated, the successor himself is the party chargeable with and who is expected to pay the duty. The same inference may be drawn from expressions used in sections 142, 143, and 144. Section 147 provides "that any person liable to pay duty in respect to any succession shall give notice to the assessor of his liability to such duty," with an account thereof and statement of various details. Section 148 declares penalties for neglect to give such notice, and provides "that if any person liable under this act to pay any tax in respect of his succession shall, after such duty shall have been finally ascertained, wilfully neglect to do so within ten days after being notified, he shall be liable to pay, etc." Section 149 gives an appeal to "any party liable to pay duty in respect to his succession, who shall be dissatisfied with the assessments," etc.

It is clear from all these provisions that the "successor" is the party beneficially interested in real estate the title of which is devolved in the requisite manner. There is nothing whatever, not a single expression in the act, going to show that an executor or trustee, holding the title for such person so beneficially interested, or empowered to collect the rents and profits for the benefit of such person, is to be regarded as the "successor" or treated as such, except in the particular cases above referred to, where a fund of money in the hands of an executor or trustee is expressly made the subject of the tax. It is urged by the counsel for the United States that the notice and statement required by section 147 cannot be supposed to have been intended to be made by an infant or person non compos mentis; that a fair construction of that section in view of its being intended that the notice and statement should be effectual, requires that it should be made by a trustee, if there be one, and so that it must be presumed that the person controlling the income was intended to be the person who should pay the tax properly payable out of it. But however convenient and suitable such an arrange-

ment would be, it is enough to say that there is nothing in the act to warrant such a construction. On the contrary, the expressions indicating the contrary purpose are too numerous and too clear to have been used inadvertently. If section 147 does not provide for the notice and statement being made for a successor who is under a disability, it is simply an imperfection in the law as a system of taxation. And in this connection it is to be observed that the government did not rely solely on a personal liability for securing the payment of the succession duty, but also upon a lien upon the property, which continued five years. And if it was the duty of the trustee of a successor under disability to discharge such lien out of the rents and profits in his hands, the obligation was one which he owed to his cestui que trust only, and created no personal liability to the United States. Nor do the provisions of the same statute respecting the legacy tax, (sections 124 and 125), aid the construction claimed by the United States. On the contrary, those sections so carefully provide for an accounting for and payment of the tax by executors and trustees, that the very absence of any similar provisions in the sections which follow, and which regulate the succession tax, strongly support the defendants' claim as to the true construction of those sections.

Upon a consideration of the whole statute, it is, I think, free from doubt that the tax is payable by the successor himself, and not by his trustee, if he have one. In the present case it is claimed that under the statute law of New York these executors took no title as trustees, but only powers in trust. But the revenue laws of the United States were not drawn with any reference to nice distinctions in the state laws of this character, and it can hardly be claimed that if the intent of the statute was to make a trustee liable for the tax, he would be chargeable in one state where, by the local law, he was held to take a title in trust, and not chargeable under the same will in another state by whose local law he was held to be vested merely with a power in trust. The defendants' demurrer is sustained independently of any such distinction.

Judgment for defendants on demurrer.