## United States *v.* Hunnewell.

*(Circuit Court, D. Massachusetts.* October 18, 1882.)

**1. Legacy Duty—Act of Congress Construed.**

Under the provisions of sections 124 and 125 of the act of congress passed June 30, 1864, *c.* 255, the legacy duty imposed thereby is made payable on the estates of those persons only whose domicile at the time of their death is in the United States.

**2. Distribution of Estate—Laws of Domicile to Govern.**

The act of congress does not make the duty payable when "the person possessed of such property" dies testate, if it would not be payable if such person died intestate; and if a woman dies intestate her heir takes a distributive share by the intestate laws of the place of domicile of his mother at the time of her death.

*The United States Attorney,* for plaintiff.

*George H. Gordon,* for defendant.

Before GRAY and LOWELL, JJ.

GRAY, Justice. This is an action to recover the amount of a legacy duty upon American securities given by the will of the Marchioness de la Valette, who was at the time of her death, in 1869, a citizen of and residing in France, to her son, then and ever since also a resident of France. Her will was executed in conformity with the law of France, and was duly proved there. A copy thereof was filed in the probate office of the county of Suffolk and commonwealth of Massachusetts; and the defendant, a citizen of Boston, was appointed by

the probate court of that county executor in this commonwealth, and accepted the trust, and as such executor, in the course of the same year, transferred to the son of the testatrix the securities in question, of which but a small part represented property situated in this commonwealth. The question presented by the statement of facts upon which the case has been submitted to our determination is whether this legacy is subject to a duty under the act of congress of June 30, 1864, c. 255, §§ 124, 125.

The cases cited at the bar exhibit some difference of opinion upon similar questions. In Great Britain it has been determined upon much consideration by the highest authority that an act of parliament imposing a legacy duty does not apply to property of a person whose domicile at the time of his death is not within the realm. *Thomson* v. *Advo. Gen.* 12 Clark & F. 1; S. C. 4 Bell, 1. In the courts of North Carolina and of Missouri, on the other hand, it has been held that all personal property within the state is liable to such a duty, whether the owner's domicile at the time of his death is within or without the state. *Alvany* v. *Powell*, 2 Jones, Eq. 51; *State* v. *St. Louis County Court*, 47 Mo. 594.

But congress, in the act of 1864, has made its intention clear that the legacy duty should be payable on the estates of those persons only whose domicile at the time of their death is within the United States. Section 124 imposes a duty on legacies or distributive shares arising from personal property " passing from any person possessed of such property, either by will, or by the intestate laws of any state or territory;" it does not make the duty payable when "the person possessed of such property" dies testate, if it would not be payable if such person died intestate; and if Madame de la Valette had died intestate, her son would not have taken a distributive share "by the intestate laws of any state or territory," but, if at all, by the law of France, the domicile of his mother at the time of her death. And section 125, by requiring the executor or administrator to pay the amount of this duty "to the collector or deputy collector of the district of which the deceased person was a resident," leads to the same conclusion.

Judgment for the defendant.

## NOTE.

SUCCESSION TAX. The "succession tax" imposed by the acts of June 30, 1864, and July 13, 1866, on every " devolution of title to real estate," was not a "direct tax" within the meaning of the constitution, but an " impost " or "excise," and was constitutional and valid. So a devise of an equitable inter-

est in real estate in which personal property had been invested by the trustee with the assent of the devisor before making his will, was a "devolution of the real estate," within the meaning of the act of June 30, 1864, and July 13, 1866, and the devisee is liable to the "succession tax" imposed thereby in respect of it, if he has received its value, although in proceedings for partition he has had assigned to him only personal property. "Successor" is employed in the act as the correlative of predecessor. The subject-matter of the assessment is the devolution of the estate, or the right to become beneficially entitled to the same, or the income thereof, in possession or expectancy, under the circumstances and conditions specified in the other parts of the sections. Such a tax is neither a tax on land nor a capitation exaction.(*a*)  A tax on collateral inheritances is not a tax on property, but on the privilege of succeeding to the inheritance.(*b*)  An inheritance may be taxed as a privilege, although the property may also be taxed.(*c*)  Such duties are a charge upon the income of the *cestui que trust* under a will made before the passage of the statute, which bequeaths a fund to trustees "to receive and collect the income and produce thereof, and after deducting all needful and proper costs, etc., to pay the residue of said income" to the beneficiary.(*d*)  The act of 1862, so far as it imposes a tax *in personam*, imposes it on the executor or trustee, and not on the legatee or *cestui que trust*, and no suit *in personam* can be maintained against the legatee.(*e*)

DEVISE—REMAINDER OVER.  On the first day of October, 1870, the legacy and succession tax was repealed, saving, by a proviso, all provisions for levying and collecting taxes properly assessed, or liable to be assessed, the right to which had already accrued, or which hereafter may accrue, or where the right had become absolute.(*f*)  Where property was devised before the act to one for life, remainder to another, and the tenant for life died after the act, the tax accrued on the interest of the remainder man at that time, as there is then a succession or devolution of the title.(*g*)  A., who died in October, 1846, devised his real estate to his daughter for life, remainder to her son, should he survive her.  She died in September, 1865.  *Held*, that the tax was properly assessed.(*h*) A., who died December 4, 1867, devised his real estate to his widow for her life, with remainder over to B.  She died June 17, 1872, when B. entered. *Held*, that an internal-revenue tax could not be legally assessed May 15, 1873, on B.'s succession.(*i*)  It is not within the saving clause of the act of 1870, repealing the tax, although as to the remainder man  it is not payable till the death of the life tenant.(*j*)  A. died, leaving all his estate by will to an illegitimate and only child, who was legitimized after A.'s death by an act of the legislature.  There were numerous collateral heirs.  *Held*, that the state was entitled to a collateral inheritance tax out of the estate, as this right had

(*a*) Scholey v. Rew, 23 Wall. 331.

(*b*) Eyre v. Jacob, 14 Grat. 422  See William's Case, 3 Bland, Ch. 186; Tyson v. State, 28 Md. 577.

(*c*) Eyre v. Jacob, 14 Grat. 422.

(*d*) Sohier v. Eldredge, 103 Mass. 345.

(*e*) U. S. v. Allen, 9 Ben. 154; S. C. 23 Int. Rev. Rec. 192.

(*f*) Mason v. Clapp, 1 Holmes, 417; S. C. 21

Int. Rev. Rec. 268.  But see May v. Slack, 16 Int. Rev. Rec. 134.

(*g*) Blake v. McCartney, 4 Cliff. 101; S. C. 10 Int. Rev. Rec. 131.

(*h*) Wright v. Blakeslee, 101 U. S. 174.

(*i*) Clapp v. Mason, 94 U. S. 589; S. C. 23 Int. Rev. Rec. 144.

(*j*) Clapp v. Mason, 94 U. S. 589; S. C. 23 Int. Rev. Rec. 144; Brune v. Smith, 13 Int. Rev. Rec. 54; U. S. v. N. Y. Life & T. Co. 9 Ben. 413.

vested on A.'s death, and before his child's rights were established.(k) Testator died in 1807, having by deed of settlement conveyed to his daughter certain real estate for life, and to her descendants in remainder. The daughter accelerated the succession by an amicable agreement in the state court by which she received absolutely one-sixth of the value of the property and the remainder men five-sixths, a succession tax was properly assessed.(l)

DEVISES IN TRUST. Property devised to trustees to pay to the testator's grandchildren, so much of the income thereof as they in their discretion deem necessary, and at the expiration of a certain number of years to pay over the trust funds and profits to testator's heirs at law, is an accumulating fund in· the hands of individuals for the future benefit of heirs, and under the Massachusetts statute, is taxable only to the heirs at law, and not to the trustees.(m) Land was devised to plaintiff to manage and pay taxes till sold, and on its sale, after deducting expenses and paying certain legacies, to pay the residue to defendant. Defendant executed a quitclaim deed of the lands to the heirs of testator. Held, that the devise gave to plaintiff the legal estate, subject to the right of defendant to enforce performance of the trust, and that the quitclaim deed conferred no title; and that the plaintiff had no cause of action against the defendant, even if he had paid to the grantees the proceeds without deducting the tax.(n) A testator devised property in trust for his daughter for life, and after her death in trust for the use of such persons as she should appoint. The daughter devised the property to her brothers and sisters. Held, that the property passed to them by the will of their father, and was not liable to taxation under the act of Pennsylvania taxing collateral inheritances.(o) A testator devised his whole estate to executors in trust for legatees and devisees. The widow refused to take under the will, but subsequently, by an arrangement with the executors, approved by the orphans' court, accepted $80,000, which was less than her share of the estate, and relinquished her claim to the residue. Held, that she took this sum under her paramount title as widow, and not as a payment out of the fund bequeathed to the executors in trust; and that it was not subject to the collateral inheritance tax.(p)

LEGACY TAX. Personalty received by a distributee in the state from the estate of one residing abroad, is taxable in the state under a statute taxing property distributed "to or among the next of kin" of an intestate.(q) Money received by claimants. under a will, in virtue of a compromise contract with the executor, is not a legacy or distributive share such as was liable to tax under the internal-revenue laws.(r) Bequests to colleges, etc., are taxable under the general statute taxing bequests, though after being received they would be exempt under a general provision exempting the property of such institutions.(s) A tax on legacies to aliens is not a tax on commerce, nor is it an infraction of the constitutional powers of congress.(t) A legacy payable in cash, from a fund to be raised by the sale of lands, is not subject to the

(k) Galbraith v. Com. 14 Pa. St. 253.

(l) Brune v. Smith, 13 Int. Rev. Rec. 54.

(m) Hathaway v. Fish, 13 Allen, ×67.

(n) Duvall v. English Evang. L. Church, 53 N. Y. 500.

(o) Com. v. Williams, 13 Pa. St. 29.

(p) Commonwealth's Appeal, 34 Pa. St. 204.

(q) Alvany v. Powell, 2 Jones, Eq. 51.

(r) Page v. Rives, 1 Hughes, 297.

(s) Barringer v. Cowen, 2 Jones, Eq. 436.

(t) Mager v. Grima, 8 How. 490.

tax or duty imposed upon legacies arising from personal property. In limiting the scope of the law to legacies arising from personal property it was intended to exempt such as were payable from the proceeds of real estate.(*u*) Where a testator died in 1869, leaving a will making pecuniary legacies arising out of personal property, but the legatees did not become entitled to the benefit of the legacies until 1875, the executor became liable at the latter date to pay the tax, notwithstanding the intervening repealing act.(*v*) The tax on a pecuniary legacy accrues on the death of the testator, though it is not payable until the legatee becomes entitled to the benefit of the legacy.(*w*) A testator who died December 4, 1867, bequeathed certain personal property to trustees, to be held by them in trust for his widow during her life, and on her death to his children. She died June 17, 1872. *Held*, that the legacy tax upon the property was, without authority of law, assessed in April, 1873, as no right to the payment thereof had accrued at the date when the act of July 14, 1870, *c.* 255, (16 St. 256.) repealing the tax, took effect.(*x*) M. died February 23, 1870, testate, and bequeathed certain pecuniary legacies, which were paid by his executors in 1871. The act of July, 1870, repealed taxes on legacies on and after October 1, 1870, saving taxes already accrued. *Held*, that a tax was properly assessed as "accrued" upon said legacies under the saving clause contained in section 17 of the act of 1870.(*y*)

WHO LIABLE FOR TAX. The person liable to pay a tax on a "succession" is the person beneficially interested in the property, and not the trustee or executor in whom the legal title is vested, or to whom a power in trust is given for the benefit of such person.(*z*) A beneficial interest in possession is a "succession" conferred by will, and is subject to a succession tax.(*a*) An alien, to whom a devise of an interest in real estate has been made, and who has received its value in proceedings for partition, is estopped to set up, against a demand for a succession tax thereon, that by the law of the state where the estate is, the devise is absolutely null and void.(*b*) No one can be compelled to pay a share of the succession tax due on descent of a tract of land greater than his share in the land.(*c*) The provision that the interest of any successor in moneys arising from the sale of real estate, under any trust, shall be deemed to be a succession chargeable with duty under the act, and the said duty shall be paid by the trustee, executor, or other person having control of the fund, does not apply to sales in partition of lands passing by descent, and the sheriff is not such "other person having control" of the funds.(*d*) Where property was given by will by a wife to her husband, a succession tax is due, notwithstanding the property was bought and paid for by the husband and deeded to the wife under an understanding that she was to devise the same at her death to her husband.(*e*) An estate held under an adopting act changing the name of the heir, and making her capable of taking, etc., is subject to the collateral inheritance act.(*f*) An estate passing to a grandmother, as next of kin, is subject to the collateral inheritance

(*u*) U. S. v. Watts, 1 Bond, 580.
(*v*) Hellman v. U. S. 15 Blatchf. 13; Clapp v. Mason, 94 U. S. 589; S. C. 23 Int. Rev. Rec. 144.
(*w*) Hellman v. U. S. 15 Blatchf. 15.
(*x*) Mason v. Sargent, 104 U. S. 689; S. C. 23 Int. Rev Rec. 155.
(*y*) Jay v. Slack, 16 Int. Rev. Rec. 134.

(*z*) U. S. v. Tappan, 10 Ben. 284.
(*a*) Wright v. Blakeslee, 13 Blatchf. 419.
(*b*) Scholey v. Rew. 23 Wall. 331.
(*c*) Wilhelmi v. Wade, 65 Mo. 39.
(*d*) Wilhelmi v. Wade, 65 Mo. 39.
(*e*) Ransom v. U. S. 8 Reporter, 164.
(*f*) Sharp v. Com. 58 Pa. St. 500.

tax.(g)  An adopted child is not exempted by the statute from paying the collateral inheritance tax.(h)  Where the United States received a tax of 1 per cent. on the clear value of the estate at the time of the death of the testator of an estate for life, it satisfies the requirements of the act.(i)  It is in accordance with the principles of natural justice and the spirit of the constitution that the tax upon such a subject should be regulated in strict proportion to the value of the benefit which it secures.(j)—[ED.

(g) McDowell v. Addams, 45 Pa. St. 430.

(h) Com. v. Nancrede, 32 Pa. St. 389.

(i) U. S. v. New York Life Ins. & T. Co. 9 Ben. 413; S. C. 24 Int. Rev. Rec. 118.

(j) Eyre v. Jacob, 14 Grat. 429; See Mager v. Grima, 3 How. 490; Williams Case, 3 Bland, Ch. 186; Tyson v. State, 28 Md. 577.